MACCABEES MUTUAL LIFE INSURANCE COMPANY v
DEPARTMENT OF TREASURY

CITY NATIONAL BANK OF DETROIT v DEPARTMENT OF
TREASURY

·Docket Nos. 62316, 62317. Submitted November 19, 1982, at Detroit.
—Decided January 20, 1983. Leave to appeal applied for.

The Michigan Department of Treasury assessed use taxes against
Maccabees Mutual Life Insurance Company and against City
National Bank of Detroit in connection with certain computer
software programs used by the two taxpayers in their respec-
tive data processing operations. Each of the taxpayers paid its
assessments and then filed an action in the Court of Claims
seeking a refund and declaratory relief. The two cases were
consolidated. The plaintiffs moved for summary judgment based
on the lack of any genuine issue of material fact. The Court of
Claims, Robert Holmes Bell, J., granted the summary judg-
ment, holding that the computer software in question was
intangible personal property and therefore not subject to the
use tax, and ordered the Department of Treasury to refund the
amounts collected. The Department of Treasury appeals. *Held:*

The Court of Claims did not err in holding that the computer
software programs in question were intangible personal prop-
erty not subject to the use tax. The programs in question were
customized to fit the plaintiffs' particular computer configura-
tions, representing a personalized service. The summary judg-
ment was proper.

Affirmed.

1. Judgments — Summary Judgments — No Genuine Issue of
Fact.

A court considering a motion for summary judgment based on the

References for Points in Headnotes

[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 73 Am Jur 2d, Summary Judgment § 15.
[3] 68 Am Jur 2d, Sales and Use Taxes § 171.
[4] 68 Am Jur 2d, Sales and Use Taxes § 99.
Computer software or printout transactions as subject to state sales
or use tax. 91 ALR3d 282.

lack of a genuine issue as to any material fact must, before granting the motion, review the pleadings, affidavits, and other available evidence and, giving the benefit of any reasonable doubt to the opposing party and drawing any inferences in favor of the opposing party, must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

2. JUDGMENTS — SUMMARY JUDGMENTS — BURDEN OF PRESENTING EVIDENCE.

A party opposing a motion for summary judgment based on the lack of a genuine issue as to any material fact has the burden of coming forward with some evidentiary proof that a genuine issue of fact does exist (GCR 1963, 117.2[3]).

3. TAXATION — USE TAX — TANGIBLE PERSONAL PROPERTY.

The use tax is designed to impose an excise tax on the use, storage or consumption of tangible personal property brought into the state in interstate commerce after it has come to rest in Michigan (MCL 205.91 *et seq.;* MSA 7.555[1] *et seq.).*

4. TAXATION — USE TAX — COMPUTER SOFTWARE PROGRAMS — TANGIBLE PERSONAL PROPERTY.

Customized computer software programs, designed specifically to fit a taxpayer's particular computer configurations, are not tangible personal property subject to taxation under the Use Tax Act (MCL 205.91 *et seq.;* MSA 7.555[1] *et seq.).*

*Michael A. McGrath,* for Maccabees Mutual Life Insurance Company.

*A. Brooks Darling,* for City National Bank of Detroit.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General,. for defendant.

Before: M. F. CAVANAGH, P.J., and R. B. BURNS and CYNAR, JJ.

PER CURIAM. The Department of Treasury (department) appeals as of right from a January 11,

1982, order of the Court of Claims determining that certain computer software programs did not constitute tangible personal property subject to taxation under the Use Tax Act, MCL 205.91 *et seq.;* MSA 7.555(1) *et seq.,* and ordering use tax refunds.

In June 1978, the department assessed use taxes against Maccabees Mutual Life Insurance Company (Maccabees) in connection with its use of certain computer software programs in its electronic data processing department between 1973 and 1975. The total tax assessment was $4,276.77. This sum was paid; and on November 13, 1978, Maccabees filed an action in the Court of Claims seeking a refund and declaratory relief. In November 1979, the department assessed use taxes against City National Bank of Detroit (CNB) in connection with certain computer software programs used by CNB between 1975 and 1977. The total assessment was $8,948. CNB also paid the assessment. On March 11, 1980, CNB filed a complaint in the Court of Claims, seeking a refund and declaratory relief. The two cases were consolidated on May 12, 1980.

On October 8, 1981, plaintiffs moved for summary judgment based on GCR 1963, 117.2(3). On November 6, 1981, the department moved for summary judgment under the same court rule. A hearing was held on December 2, 1981. In an opinion and order dated January 11, 1982, the court granted plaintiffs' motion for summary judgment, determining that the computer software in question was intangible personal property and, therefore, not subject to the use tax. The department was ordered to issue a refund to plaintiffs for the amount wrongfully collected plus interest.

GCR 1963, 117.2(3), allows the trial court to

grant summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Szidik v Podsiadlo,* 109 Mich App 446, 448-449; 311 NW2d 386 (1981). A motion based on this subrule is designed to test whether there is factual support for a claim. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). The court must consider the pleadings, affidavits and other available evidence and be satisfied that the claim asserted cannot be supported by any evidence at trial. *Jacobs v Detroit Automobile Inter-Ins Exchange,* 107 Mich App 424, 432; 309 NW2d 627 (1981), *lv den* 414 Mich 872 (1982). The court must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). The court must give the benefit of any reasonable doubt to the opposing party and inferences are to be drawn in favor of the one opposing the motion. *Littsey v Wayne State University Bd of Governors,* 108 Mich App 406, 416; 310 NW2d 399 (1981), *lv den* 413 Mich 882 (1982). A party opposing the motion for summary judgment has the burden to come forward with some evidentiary proof that a genuine issue of fact does exist. If the opposing party fails to do so, the motion for summary judgment is properly granted. *Durant v Stahlin,* 375 Mich 628, 640; 135 NW2d 392 (1965).

The use tax was enacted for the purpose of levying a specific tax for the privilege of using, storing, or consuming tangible personal property. It is designed to impose an excise tax on the use, storage, or consumption of tangible personal property brought into the state in interstate commerce, after it has come to rest in Michigan. The use tax

is complementary to the sales tax. *Western Electric Co v Dep't of Revenue,* 312 Mich 582, 596; 20 NW2d 734 (1945); *Southeastern Michigan Transportation Authority v Secretary of State,* 104 Mich App 390, 399-400; 304 NW2d 846 (1981).

In 1979 AC, R 205.5, tangible personal property is defined as follows:

"Tangible personal property embraces all goods, wares, merchandise, products and commodities, all tangible things and substances which are dealt in, capable of being possessed and exchanged."

In his opinion, the judge determined that the software programs in question were intangible personal property. This conclusion is bolstered by the deposition testimony of Robert Sherin, Maccabees' expert witness and president of Nova Computer Service, Inc.; Leo Juip, Maccabees' director of systems and planning; and Michael Marcus, Maccabees' vice president of corporate planning and development.

Robert Sherin maintained that computer software programs are intangible personal property and are not subject to sales and use taxation statutes that tax tangible personal property. In support of this contention, Sherin raised several points: Any tangible personal property attendant to software is inconsequential because software can be entered into a computer via telephone lines; communcations media, such as punch cards and tapes, are transitory and are destroyed or reused after the software is entered into a computer; the software program exists as imperceivable binary pulses; the tangible communication media has little or no value apart from the program. Sherin conceded that some software programs, *e.g.,*

canned programs such as TV games, were tangible and taxable under use and sales tax statutes. The standard programs considered by Sherin can be bought at retail, need no documentation, training or expert engineering support, and can be used instantaneously. In contrast, the programs in question are customized application programs, needing prelease consulting and continuing on-sight updating, and are not an end product in themselves.

The department assessed use taxes against three software programs used by Maccabees: Intercomm, used to direct the computer to perform certain computations to produce a policy status report; GRASP, used to direct the computer to perform more than one processing task at a time and produce an accounting report; and MARK IV, used to direct the computer to prepare a business report. Leo Juip stated that each of the systems is unique to Maccabees because they have been customized. Juip indicated that the programs are unusable by other insurance firms because their business requirements vary.

Michael Marcus noted that each application system had to be tailored to Maccabees' operating system environment. He stressed that computer software is dynamic and changing.

The court's opinion is also supported by case law from other jurisdictions. See *Dist of Columbia v Universal Computer Associates, Inc,* 151 US App DC 30; 465 F2d 615 (1972); *Commerce Union Bank v Tidwell,* 538 SW2d 405 (Tenn, 1976), where the courts held that computer software is intangible personal property. See generally, *University Microfilms v Scio Twp,* 76 Mich App 616, 619-620; 257 NW2d 265 (1977), *lv den* 402 Mich 880 (1978), where this Court distinguished microfilms from computer software, finding the former to be tangi-

ble personal property subject to personal property taxation.

At oral argument before the Court of Claims, the department admitted that the software programs were customized. The department maintains that some portions of these programs must be standard or canned and that it seeks only to tax the canned portions of the programs. By failing to present any evidentiary proof that a portion of the programs in question are standard or canned, the department has failed to carry its burden of raising a genuine issue of fact. *Durant, supra,* p 640. The depositional evidence presented by plaintiffs illustrates that the software programs in question represent a personalized service, customized to fit plaintiffs' particular computer configurations. Accordingly, the Court of Claims' grant of summary judgment should be affirmed.

Customized computer software programs should be distinguished from canned software programs, *e.g.,* TV games, albums, and cassette tapes, because the latter are all end products in themselves. The focus of the instant transaction is on the personalized service of the software vendors, an intangibles transaction.

Affirmed.