**YORK MUTUAL INSURANCE COMPANY OF MAINE**

v.

**The SUPERINTENDENT OF INSURANCE[1].**

Supreme Judicial Court of Maine.

Argued Sept. 14, 1984.

Decided Dec. 14, 1984.

---

1. We have changed the caption to reflect the fact that the complainant seeks a direct judicial review of the action of the Superintendent of Insurance. *See National Council of Compensation Insurance v. Superintendent of Insurance,* 481 A.2d 775 (Me.1984).

Jensen, Baird, Gardner & Henry, John H. Mongtomery (orally), Portland, for plaintiff.

Linda M. Pistner, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

York Mutual Insurance Company of Maine (York) appeals from a judgment of the Superior Court, Cumberland County, affirming a decision of the Superintendent of Insurance (Superintendent) excluding the value of certain computer software as an asset under 24–A M.R.S.A. § 901 (1974 and Supp.1983).[2] Finding no reversible error, we affirm.

In December 1979, York purchased a computer and software from IBM and some additional software from Systems Assurance Corporation (SAC). The IBM software is part of the computer package and allows the system to be programmed. The SAC software allows York to write and issue insurance policies, change endorsements, and bill customers. The Bureau of Insurance in 1982 and 1983 audited York's books and determined in a Report of Examination issued February 24, 1983, that the

**2.** 24–A M.R.S.A. § 901 states, in pertinent part: In any determination of the financial condition of an insurer, there shall be allowed as assets only such assets as are owned by the insurer and which consist of:

. . . . .

*13.* Electronic and mechanical machines and related equipment constituting a data process-
ing, recordkeeping or accounting system or systems if the cost of each such system is at least $25,000, which cost shall be amortized in full over a period not to exceed 10 years. The aggregate amount invested in all such systems shall not exceed 5% of the insurer's assets.

SAC software was not an asset under 24–A M.R.S.A. § 901(13) (1974 and Supp.1983). On March 17, 1983, York requested a hearing on whether the SAC software is an asset under that section. A hearing was held April 12, 1983, before the Superintendent of Insurance.

On May 11, 1983, the Superintendent issued his decision finding that the examiner's refusal to treat the SAC software cost as an asset under § 901 was proper. He found a significant distinction between operating system software which is the software provided by the manufacturer as an integral part of the computer system to allow the computer to be programmed and enhancement software which is a set of programmed instructions required by the user to perform a specific task. He concluded that "related equipment" identified as an asset by section 901(13) includes only operating system software. York appealed this decision by filing a petition for judicial review in Superior Court pursuant to 24–A M.R.S.A. § 236 (Supp.1983). On March 8, 1984, the Superior Court affirmed the Superintendent's decision.

■ We review the decision of the Superintendent and give no special deference to the Superior Court's decision where the Superior Court functions as an intermediate appellate court when undertaking direct judicial review of an administrative record. The standard of review is the same in the Law Court as it was before the Superior Court; we review the decision under the standard of review set forth in 24–A M.R.S.A. § 236 (1974 and Supp.1983). See Lundrigan v. Maine Labor Relations Board, 482 A.2d 834 (1984); Council 74, AFSCME v. Maine State Employees Ass'n, 476 A.2d 699, 703 (Me.1984). The issues presented in this case involve the construction of 24–A M.R.S.A. § 901 (1974 and Supp.1983). We will give the Superintendent's construction of the statute great deference, and uphold it unless the section plainly compels a contrary result. Nation-

al Council on Compensation Insurance v. Superintendent of Insurance, 481 A.2d at 780; Lucas v. Maine Commission of Pharmacy, 472 A.2d 904, 907 (Me.1984). York has the burden of proving that the Superintendent's decision is erroneous. See Mack v. Municipal Officers of the Town of Cape Elizabeth, 463 A.2d 717, 720 (Me.1983); Seven Islands Land Co. v. Maine Land Use Regulation Commission, 450 A.2d 475, 479 (Me.1982).

■ York contends that the SAC software is an asset under 24–A M.R.S.A. § 901 (1974 and Supp.1983) as it is "related equipment" within subsection 13 of § 901. The Superintendent interpreted § 901(13) to include as "related equipment" only a self-contained system, not enhancement software. York argues that the plain meaning of "related equipment" requires that the SAC software be an asset under § 901(13). Other jurisdictions have held that custom software such as the SAC software is a service rather than equipment. See, e.g., Comptroller of the Treasury v. Equitable Trust, 296 Md. 459, 464 A.2d 248 (1983); Maccabees Mutual Life Insurance Co. v. State Department of Treasury, 122 Mich.App. 660, 332 N.W.2d 561, 563 (1983). We cannot conclude that York has proven that 24–A M.R.S.A. § 901(13) (1974 and Supp.1983) plainly compels a result contrary to the Superintendent's construction of the statute.

■ York then contends that the Superintendent unconstitutionally delegated his power to the National Association of Insurance Commissioners (NAIC) by referring to the NAIC instructions on whether computer software purchased separately should be an asset under § 901. Although the Superintendent cites in his decision the NAIC instructions, he also indicates that a sharp distinction exists in the common usage of the terms "operating system software" and "enhancement software programs" and that the legislature never intended the

meaning of related equipment in section 901(13) to include "enhancement software". Additionally, a representative from the Bureau of Insurance testified at the hearing before the Superintendent that NAIC instructions were only adopted by the Bureau to the extent that they were consistent with its knowledge of the legislature's intent. We agree with the Superintendent that he did not delegate his power to the NAIC but simply adopted instructions consistent with his own interpretation of § .901(13).

■ Finally, York argues that the Superintendent in using his distinction between self-contained and enhancement software adopted a rule without complying with the procedures required in the Maine Administrative Procedure Act, 5 M.R.S.A. § 8001 *et seq.* (1979 and Supp.1983). Section 8002(9) of 5 M.R.S.A. defines a rule under the Maine Administrative Procedure Act[3]. Subsection 9(B) of § 8002 exempts from the definition of a "rule" explanatory statements of policy which are not judicially enforceable and intended solely to advise persons in complying with their legal duties. York has failed to meet its burden of proving that the distinction adopted by the Superintendent between self-contained and separately purchased software is a rule intended to be judicially enforceable rather than an explanatory statement of policy.

The entry is:

Judgment affirmed.

All concurring.

**3.** 5 M.R.S.A. § 8002(9) (1979) states:

A. "Rule" means the whole or any part of every regulation, standard, code statement of policy, or other agency statement of general applicability, including the amendment, suspension or repeal of any prior rule, that is or is intended to be judicially enforceable and implements, interprets or makes specific the law administered by the agency, or describes the procedures or practices of the agency.
B. The term does not include:

(1) Policies or memoranda concerning only the internal management of an agency or the State Government not judicially enforceable;
(2) Advisory rulings issued under subchapter III;
(3) Decisions issued in adjudicatory proceedings;
(4) Any form, instruction or explanatory statement of policy which in itself is not judicially enforceable, and which is intended solely as advice to assist persons in determining, exercising, or complying with their legal rights, duties or privileges.