## LLOYD v AVADENKA

Docket Nos. 88012, 88491. Submitted November 19, 1986, at Detroit. Decided February 5, 1987. Leave to appeal denied, 428 Mich —.

Frances R. Avadenka represented Marjorie A. Lloyd in a divorce proceeding up until the pretrial conference at which the judge sua sponte appointed a receiver to administer the sale of the parties' marital home. Marjorie Lloyd then dismissed Avadenka as her counsel and retained Paul Dufault of Robinson & Dufault, P.C., to represent her. Dufault moved for a rehearing on the appointment of the receiver and moved for the termination of the receivership. Both motions were denied, and the property was sold by the receiver at the best price obtainable. Marjorie A. Lloyd then filed suit against Frances R. Avadenka and Keller & Avadenka, P.C., in Oakland Circuit Court alleging that defendants were professionally negligent in failing to obtain plaintiff's consent to the appointment of a receiver, which appointment resulted in the sale of the marital home for a value plaintiff alleges to be inadequate. The court, Alice L. Gilbert, J., granted summary disposition in favor of defendants, concluding that plaintiff's claims could not be sustained under any circumstances. Plaintiff appealed, contending that summary disposition was improperly granted because further factual development should have been allowed and that the court abused its discretion in awarding attorney fees and costs to defendants.

The Court of Appeals *held:*

1. The court did not err in granting defendants' motion for summary disposition. Plaintiff's claim could not be supported by the evidence at trial and, therefore, defendants were entitled to judgment as a matter of law.

2. The court did not err in awarding attorney fees and costs

REFERENCES

Am Jur 2d, Husband and Wife § 405.

Am Jur 2d, Pleading § 339.

Am Jur 2d, Receivers § 40.

Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. 15 ALR4th 224.

See also the annotations in the Index to Annotations under Pleadings.

to defendants and assessing those fees and costs against plaintiff and her counsel.

3. Defendants are entitled to costs and attorney fees incurred on appeal.

Remanded for a determination of defendants' actual costs for appeal.

1. COURTS — RECEIVERS.

Circuit court judges have broad discretion and inherent equitable powers with respect to the appointment of receivers, and these equitable powers may be exercised in chambers (MCL 600.2926; MSA 27A.2926).

2. ATTORNEY AND CLIENT — COURT ORDERS.

An attorney, once a court has directed the preparation of an order, acts under the direction of the court and has no duty to obtain a client's consent before carrying out the court-ordered duty.

3. PLEADINGS — UNWARRANTED ALLEGATIONS — SANCTIONS.

Sanctions can be awarded against both a party and the party's counsel for not making a reasonable inquiry to determine if a pleading is well-grounded in fact and is warranted by existing law or a good faith extension, modification, or reversal of existing law, and a court need not determine whether a party or the party's counsel had an improper purpose in filing the pleadings before it imposes sanctions (MCR 2.114[E]).

4. PLEADINGS — SIGNATURES — WARRANTIES.

An attorney must make reasonable inquiry into the operative facts and relevant law before signing his name to a pleading, which signature constitutes his certificate that the pleading is well-grounded in fact and is warranted by existing law or a good faith argument for the extension of existing law.

*The Attorney Malpractice Group, P.C.* (by *Dennis E. Moffett*), for plaintiff.

*Edward Avadenka,* for defendants.

Before: GRIBBS, P.J., and WAHLS and SULLIVAN, JJ.

PER CURIAM. Plaintiff, Marjorie Lloyd, appeals as of right from an order of summary disposition

dated August 16, 1985, granted in favor of the defendants, Frances R. Avadenka and Keller and Avadenka, P.C., by Oakland Circuit Court Judge Alice L. Gilbert and the court's order of October 16, 1985, assessing costs and attorney fees against plaintiff and her trial counsel in the present suit, Dennis E. Moffett, pursuant to MCR 2.114 (D) and (E).

The pleadings and affidavits filed in the instant case established that defendant represented the plaintiff in a divorce proceeding in the course of which a pretrial conference was held in the chambers of Oakland Circuit Court Judge Fred Mester. Attending the pretrial conference on April 1, 1983, were Judge Mester, the opposing lawyer in the divorce action (Rudolf Uhlar), and the defendant in the instant case. At the conference, Judge Mester sua sponte appointed a receiver to administer the sale of the parties' marital home. Judge Mester entered an order of appointment on April 21, 1983, and on that same date plaintiff dismissed defendant as her counsel. After defendant was dismissed as counsel, plaintiff retained Paul Dufault and Robinson & Dufault, P.C., to represent her in the divorce proceedings. Dufault moved for a rehearing on the appointment of the receiver and moved for the termination of the receivership. Both motions were denied. Thereafter, the receiver sold the property at the best price obtainable.

Plaintiff then brought the present suit and claimed that defendants were professionally negligent in failing to obtain plaintiff's consent to the appointment of a receiver, which appointment resulted in the sale of the marital home for a value plaintiff alleges to be inadequate.

After hearing the arguments of counsel on May 22, 1985, and considering the pleadings and affidavits, Judge Alice L. Gilbert concluded that plain-

tiff's claims could not be sustained under any circumstances.

On appeal, plaintiff contends that Judge Gilbert improperly granted defendants' motion for summary disposition because further factual development should have been allowed.

A motion for summary disposition should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), formerly GCR 1963, 117.2(3).

A motion based on this court rule is designed to test the factual support for a claim or defense. *Maccabees Mutual Life Ins Co v Dep't of Treasury,* 122 Mich App 660, 663; 332 NW2d 561 (1983), lv den 417 Mich 1100.15 (1983); *Detroit Edison Co v Richmond Twp,* 150 Mich App 40, 45; 388 NW2d 296 (1986). The court must consider the pleadings, affidavits, and other available evidence and be satisfied that the claim or position asserted cannot be supported by the evidence at trial because of some deficiency which cannot be overcome. *Maccabees Mutual Life, supra.* The court must give the benefit of any reasonable doubt to the party opposing the motion and inferences are to be drawn in favor of that party. *Id.*

We hold that Judge Gilbert did not err in granting defendants' motion for summary judgment pursuant to MCR 2.116(C)(10) because plaintiff's claim could not be supported by the evidence at trial and, therefore, defendants were entitled to judgment as a matter of law.

Judge Gilbert concluded that the plaintiff's claim was factually flawed because defendant's actions were not a proximate cause of plaintiff's alleged injury: the sale of her house for less than $103,900. The record reveals that at a pretrial

conference on April 1, 1983, which was not attended by plaintiff, Judge Mester sua sponte appointed the receiver over the vigorous objections of defendant. Judge Mester entered an order appointing the receiver on April 21, 1983, the same day plaintiff dismissed defendant as counsel. Plaintiff retained Dufault, who moved for a rehearing on the appointment of the receiver and for the termination of the receivership. Summaries of the pretrial conference are the domain of the presiding judge and not the responsibility of the attorneys. MCR 2.401(C)(1). Furthermore, circuit court judges have broad discretion and inherent equitable powers with respect to the appointment of receivers, and these equitable powers may be exercised in chambers. MCL 600.2926; MSA 27A.2926; *Cohen v Cohen,* 125 Mich App 206, 214; 335 NW2d 661 (1983), lv den 417 Mich 1100.35 (1983); *Westgate v Westgate,* 294 Mich 88; 292 NW 569 (1940). Thus, once a court has directed the preparation of an order, an attorney is acting under the direction of the court and has no duty to obtain a client's consent before carrying out the court-ordered duty. Consequently, even if the judge's ruling was erroneous, which it was not here, defendant was obligated to participate in the preparation of the order appointing a receiver. Once the order was entered, counsel then could seek to appeal from the order or take other and further actions with respect thereto.

In the instant case defendant was dismissed as counsel on April 21, 1983, the day the order was entered. Therefore, she had no opportunity to appeal the order. Moreover, substitute counsel challenged the validity of the order in two later motions. Hence, it is clear that defendant's actions were not a proximate cause of plaintiff's alleged injury because the marital home was sold notwith-

standing objections and motions made first by defendant and then by defendant's successor.

Plaintiff's other contention is that the trial court erred in awarding attorney fees and costs to defendants.

After granting defendant's motion for summary disposition, the trial court awarded defendants costs and attorney fees of $1,570. It found that plaintiff's pleadings were not well-grounded in fact or warranted by existing law. The attorney fees and costs were to be assessed against plaintiff's counsel and plaintiff, jointly and severally.

On appeal, plaintiff contends that the court abused its discretion "in precipitously awarding attorney fees for plaintiff filing an attorney malpractice case against her friend's law firm." Plaintiff specifically contends that the court failed to determine what reasonable inquiries had been made by plaintiff and what improper purpose, if any, motivated plaintiff or plaintiff's counsel to file the complaint.

The signing of papers and the sanctions for unwarranted allegations or denials are covered by MCR 2.114. These provisions, which are based on the recent amendment of the Federal Rules of Civil Procedure, FR Civ P 11, differ considerably from the corresponding provisions in the prior Michigan rules, GCR 1963, 114 and 111.6. See note to MCR 2.114. MCR 2.114 provides in part:

(D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the pleading;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is war-

ranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and

(3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(E) Sanctions for Violation. If a pleading is signed in violation of this rule, the court, on the motion of a party or on its own initiative, *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. [Emphasis added.]

MCR 2.114(E) describes the effect of the signing of a pleading by a party or a party's attorney, but does not provide the elements necessary for a court to impose sanctions. It is clear from the language of the rule, however, that sanctions can be awarded against both a party and a party's counsel for not making a reasonable inquiry to determine if the pleading is well-grounded in fact and is warranted by existing law or a good faith extension, modification, or reversal of existing law. Contrary to plaintiff's assertion, the rule does not mandate that, before a court may impose sanctions, it must determine whether a party or a party's attorney had an improper purpose in filing the pleadings.

Furthermore, the inclusion of the word "shall" rather than "may" in the subrule clearly encourages the use of this sanction provision. See 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 276.

There are no reported Michigan appellate cases interpreting the new court rules as to when a

court may impose sanctions under MCR 2.114.[1] However, there is a recent federal case analyzing FR Civ P 11, upon which MCR 2.114 is based. In *Mohammed v Union Carbide Corp,* 606 F Supp 252 (ED Mich, 1985), the court addressed the issue of when it is appropriate to award sanctions for vexatious pleading under FR Civ P 11. The *Mohammed* court noted that Rule 11 had been amended as of August 1, 1983. The court emphasized that one of the important additions to the amended rule is the requirement that an attorney make "reasonable inquiry" into the operative facts and relevant law before signing his name to a pleading, which signature constitutes his certificate that the pleading is "well grounded in fact and is warranted by existing law or a good faith argument for the extension of existing law." *Mohammed, supra,* pp 260-261. Unlike the subjective good faith of an attorney, "reasonable inquiry" is an empirically verifiable fact or event, inasmuch as the court can examine the efforts undertaken by the attorney to investigate a claim prior to filing suit. The focus of such an inquiry is upon events that can be observed and verified to some extent: what the attorney learned from his client, what efforts he undertook to corroborate the client's account, and so on. Any determination of what constitutes a "reasonable inquiry" depends largely on the particular facts and circumstances of a given claim. The *Mohammed* court recognized that there are many ways by which an attorney can reasonably apprise himself of the legitimacy of a claim prior to pursuing it in court, but the reasonable inquiry standard, at the very least, requires some kind of investigation or affirmative

---

[1] The case that refers to MCR 2.114(E) relies on the former rule, GCR 1963, 114, which was in effect at the time of that action and differs considerably from the present rule. *Lockhart v Lockhart,* 149 Mich App 10; 385 NW2d 709 (1986).

conduct on the part of the attorney. By focusing upon the investigative efforts undertaken by the attorney rather than seeking to scrutinize the unfathomable process of his mind, the court is better able to apply the strictures of Rule 11 objectively and fairly, *Mohammed, supra*, p 261. In *Mohammed*, the court held that the plaintiff's failure to conduct any investigation whatsoever into defamation claims before bringing suit was apparent from the record, and required the court to impose sanctions under the rule. The court imposed joint and several liability on the plaintiff and his attorney for any amounts ultimately awarded as sanctions. *Mohammed, supra*, p 262.

In the present case it is obvious that, if plaintiff's counsel had made a reasonable inquiry, he would have learned that Judge Mester sua sponte appointed a receiver over the vigorous objections of defendant. Furthermore, Judge Mester had inherent equitable powers to appoint the receiver and to do so in his chambers. The validity of Judge Mester's appointment of the receiver was challenged in two subsequent motions made by plaintiff's substitute counsel. Finally, the receiver sold the marital property at the best price obtainable. Thus, it is clear that, if Moffett had made any reasonable inquiry, he could have easily determined that defendant's actions were neither factually nor proximately the cause of plaintiff's damages. Furthermore, it should be noted that Moffett was admonished by the Attorney Grievance Commission with regard to his lack of factual support for a scurrilous allegation in his motion to disqualify Judge Gilbert. The court was correct in characterizing plaintiff's complaint as not being well-grounded in fact or warranted by existing law. Hence, the court did not err in awarding attorney fees and costs to defendants and assessing those

fees and costs against plaintiff's counsel and plaintiff pursuant to MCR 2.114(D) and (E).

Finally, we are compelled to award defendants' costs and attorney fees in this appeal. MCR 7.216 (C)(1). We assess the fees and costs against plaintiff and Moffett, plaintiff's counsel. The scandalous allegations contained in this case against Judge Gilbert are groundless. To compound this deficiency, following Moffett's admonishment for those allegations, he repeated them before this Court. When Moffett was unable to state to this Court any facts on which to base his allegations, although asked several times, he attacked the reputation of this Court. Moffett's behavior went beyond simply improper courtroom decorum and constituted disregard of the requirements of a fair representation of the issues to the court.

Remanded for a determination of defendants' actual costs for appeal.