**DALLAS CENTRAL APPRAISAL DISTRICT, Appellant**

v.

**TECH DATA CORPORATION, Appellee.**

No. 05–95–00257–CV.

Court of Appeals of Texas, Dallas.

May 30, 1996.

Rehearing Overruled Sept. 16, 1996.

Donald W. Hicks, Sr., Law Offices of Donald W. Hicks, Sr., P.C., Dallas, for Appellant.

John Brusniak, Jr., Brusniak & Clement, P.C., Dallas, for Appellee.

Before MALONEY, CHAPMAN, and JAMES, JJ.

## OPINION

MALONEY, Justice.

Tech Data Corporation sued the Dallas Central Appraisal District (Appraisal District) for judicial review of its property valuation. The trial court granted Tech Data's motion for summary judgment on the ground that Tech Data's computer application software was intangible personal property not subject to ad valorem taxation. In eight points of error, the Appraisal District contends the trial court erred in granting Tech Data's motion for summary judgment. In one cross-point of error, Tech Data contends the trial court erred in not granting summary judgment on the additional ground that Tech Data had no ownership interest in the software. Because we conclude that computer application software is intangible personal property for purposes of the Texas Property Tax Code (the Code), we need not reach Tech Data's cross-point. We affirm the trial court's judgment.

## BACKGROUND

The Appraisal District notified Tech Data that the 1993 appraised value of its property was $14,224,710. Tech Data filed a protest with the Appraisal Review Board. Tech Data complained that the Appraisal District had erroneously included intangible personal property, not subject to ad valorem taxation, in the valuation. Following a hearing, the Review Board reduced the 1993 appraised value of Tech Data's property to $13,887,740.

Tech Data sought review of the Review Board's decision in district court. Tech Data claimed that $2,501,798 of the $13,887,740 valuation represented nontaxable computer application software. Tech Data moved for summary judgment alleging that the software was not subject to ad valorem taxation because (1) it was intangible personal property, and (2) Tech Data had no ownership interest in the software.

In addition to granting summary judgment on the ground that the computer application software was intangible personal property not subject to taxation under the Code, the trial court also (1) found the appraised value of Tech Data's property as of January 1, 1993 to be $11,385,942; and (2) ordered the Appraisal District to correct the 1993 appraisal roll and notify the appropriate taxing units of the corrected valuation. The Appraisal District appealed.

## WAIVER

In its first and second points of error, the Appraisal District contends the trial court erred in granting summary judgment because the summary judgment evidence did not establish (1) a clear legislative intent to exempt computer software from ad valorem taxation, and (2) Tech Data's "business inventory of computer software was not tangible personal property for purposes of ad valorem taxation." In its third point of error, the Appraisal District argues the trial court erred in granting summary judgment because Tech Data's computer software inventory was tangible personal property as a matter of law. In its fourth point of error, the Appraisal District maintains the trial court's grant of summary judgment was against the great weight and preponderance of the evidence.

## 1. Applicable Law

■ An appellant must provide "such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." TEX.R.APP. P. 74(f). Failure to discuss relevant facts and authority results in a waiver of the points on appeal. *See D/FW Commercial Roofing Co. v. Mehra,* 854 S.W.2d 182, 189 (Tex.App.—Dallas 1993, no writ); *Jones v. Texas Pac. Indem. Co.,* 853 S.W.2d 791, 796 (Tex.App.—Dallas 1993, no writ).

## 2. Application of Law to Facts

Under points of error one through four, the Appraisal District recites only abstract principles of statutory construction. The only factual recitation in this portion of the brief is the perfunctory statement that this case "is not a 'sale, use or excise tax' case." The Appraisal District never discusses the factual context in which this Court should apply the abstract principles recited. Because the Appraisal District does not discuss or analyze the facts and authorities on which it relies, we conclude the Appraisal District has not complied with rule 74(f). We overrule the Appraisal District's first, second, third, and fourth points of error.

## SUMMARY JUDGMENT

In its fifth and sixth points of error, the Appraisal District contends the trial court erred in granting summary judgment because the summary judgment evidence (1) was "incomplete, inconsistent, contradictory, self-serving, conclusory, and not easily controverted" and (2) did not clearly establish that the computer software was not subject to ad valorem taxation as inventory. In its seventh point of error, the Appraisal District argues that the computer software was business personal property inventory subject to ad valorem taxation as a matter of law. In its eighth point of error, the Appraisal District argues the trial court erred in granting summary judgment because Tech Data "failed to specifically identify the amount of value allocated to tangible versus intangible aspects" of the computer software.

## 1. Standard of Review

■ The standard of review in summary judgment is well established. TEX.R. CIV. P. 166a(c); *see McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex.1990); *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962); *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); *Ross v. Texas One Partnership,* 796 S.W.2d 206, 209 (Tex.App.—Dallas 1990), *writ denied per curiam,* 806 S.W.2d 222 (Tex.1991). When the trial court's judgment specifies the ground on which it granted summary judgment, we cannot affirm the judgment on any ground not set forth in the judgment. *See Maley v. 7111 Southwest Freeway, Inc.,* 843 S.W.2d 229, 234 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

## 2. Applicable Law

### a. Constitutional Provisions

The Texas Constitution states that all real property and tangible personal property in this State, unless exempt, shall be taxed in proportion to its value. TEX. CONST. art. VIII, § 1(b). Additionally, the legislature can tax intangible property. TEX. CONST. art. VIII, § 1(c) ("The Legislature *may* provide for the taxation of intangible property ....") (emphasis added).

### b. Statutory Provisions

The Code outlines the general provisions for taxation of personal property. All real and tangible personal property is taxable unless exempt by law. TEX. TAX CODE ANN. § 11.01 (Vernon 1992). However, the Code allows the taxing of only certain classes of intangible property. The Code provides that:

(a) *Except as provided by Subsection (b) of this section, intangible personal property is not taxable.*

(b) Intangible property of a transportation business listed in Subchapter A, Chapter 24 of this code, and intangible property governed by Article 4.01, Insur-

ance Code, or by Section 11.09, Texas Savings and Loan Act, are taxable as provided by law, unless exempt by law, if this state has jurisdiction to tax those intangibles.

(c) This state has jurisdiction to tax intangible personal property if the property is:

(1) owned by a resident of this state; or

(2) located in this state for business purposes.

TEX. TAX CODE ANN. § 11.02 (Vernon 1992) (emphasis added).

The Code defines tangible personal property as "personal property that can be seen, weighed, measured, felt, or otherwise perceived by the senses, but does not include a document or other perceptible object that constitutes evidence of a valuable interest, claim, or right and has negligible or no intrinsic value." TEX. TAX CODE ANN. § 1.04(5) (Vernon 1992). The Code defines "intangible personal property" as "a claim, interest (other than an interest in tangible property), right, or other thing that has value but cannot be seen, felt, weighed, measured, or otherwise perceived by the senses, although its existence may be evidenced by a document." TEX. TAX CODE ANN. § 1.04(6) (Vernon 1992).

### c. Statutory Construction

 We construe statutes as written and, if possible, determine the legislature's intent from the statute's language. *See Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985). To determine legislative intent, we look to the statute as a whole and not to its isolated provisions. *Id.* We do not give a statute a meaning that conflicts with other provisions if we can reasonably harmonize the provisions. *City of Wilmer v. Laidlaw Waste Sys. (Dallas), Inc.*, 890 S.W.2d 459, 465 (Tex.App.—Dallas 1994), *aff'd*, 904 S.W.2d 656 (Tex.1995); *Estate of Padilla v. Charter Oaks Fire Ins. Co.*, 843 S.W.2d 196, 198 (Tex.App.—Dallas 1992, writ denied). We interpret a provision in the context of the entire law in which it is found. *See City of*

*W. Tawakoni v. Williams*, 742 S.W.2d 489, 491 (Tex.App.—Dallas 1987, writ denied). We construe taxing statutes strictly against the taxing authority and liberally for the taxpayer. *See Wilson Communications, Inc. v. Calvert*, 450 S.W.2d 842, 844 (Tex.1970); *First Nat'l Bank v. Bullock*, 584 S.W.2d 548, 551 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.).

### 3. Application of Law to Facts

#### a. Character of the Computer Application Software

 Tech Data attached Michael Attinella's affidavit as summary judgment evidence. Attinella was Tech Data's controller. We agree that Attinella's affidavit is arguably that of an interested witness. However, it is well settled that an interested witness's testimony which is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and can be readily controverted is sufficient to support a summary judgment. *See Futerfas v. Park Towers*, 707 S.W.2d 149, 157 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Here, the Appraisal District could have easily controverted Attinella's statements regarding the computer software's character. Additionally, Attinella's statements about the computer application software's character are complete, consistent, and not conclusory. Thus, we conclude the statements in Attinella's affidavit were proper summary judgment evidence.

Attinella explained that computer application software is "intellectual property consisting of binary instructions, programs, routines, and symbolic mathematical code that controls the functioning of computer hardware and directs hardware operations." He stated that computer application software consists of "imperceivable binary pulses" that need not be packaged in a tangible form.[1] We determine from Attinella's summary judgment evidence that the "imperceivable binary pulses" that make up computer application software are not capable of being

---

1. This State's courts, as well as other states' courts, have recognized these same facts. *See, e.g., Northeast Datacom, Inc. v. City of Wallingford*, 212 Conn. 639, 563 A.2d 688, 689 n. 1 (1989); *Maccabees Mut. Life Ins. Co. v. State Dep't of Treasury*, 122 Mich.App. 660, 332 N.W.2d 561, 563 (1983); *Bullock*, 584 S.W.2d at 550.

"seen, weighed, measured, felt, or otherwise perceived by the senses."

The parties cite us to no Texas cases that directly address whether computer application software is tangible personal property for purposes of ad valorem taxation, and we have found none. Nevertheless, we conclude, based on the statutory definitions as well as the summary judgment evidence, that the computer application software in question was not "tangible personal property" for purposes of the property tax provisions.

Under section 11.02(a) of the Code, intangible personal property is subject to taxation only as provided in section 11.02(b). Section 11.02(b) authorizes the taxing of intangible property owned by certain transportation businesses and intangible property governed by certain portions of the insurance code and the savings and loan act. The computer application software at issue does not fit in any of these categories. Consequently, it was not taxable under section 11.02(b).

We find support for our conclusion in an opinion by the Austin Court of Appeals. *See Bullock*, 584 S.W.2d at 550–51. The *Bullock* court considered whether computer application software was "tangible personal property" for purposes of the then-existing sales tax provisions. In deciding that the software was not "tangible personal property," the *Bullock* court noted that the statute (1) taxed only the sale of *tangible* personal property and (2) defined "tangible personal property" as "personal property which may be seen,

weighed, measured, felt or touched, or which is in any other manner perceptible to the senses." *Id.* at 550. The *Bullock* court concluded the sale involved *intangible* property because the "essence of the transaction" was not the tapes on which the software was stored, but rather the software itself. *Id.*[2]

The sales tax definition of "tangible personal property" applied in *Bullock* is virtually identical to the current property tax definition of "tangible personal property." We agree with the *Bullock* court's analysis that the "essence" of the property is the software itself, not the tangible medium on which the software might be stored. Thus, we conclude, as did the *Bullock* court, that computer application software cannot constitute "tangible personal property" as that term is defined for purposes of the Code.[3] The trial court properly granted summary judgment on the ground that the computer application software was not taxable under the Code.

### b. Business Inventory

■ The Appraisal District relies on section 23.12 of the Code to support its argument that the software was properly taxable as business inventory held in aid of the production of income. The Appraisal District contends this section authorizes the taxing of all business inventory whether tangible or intangible. The Appraisal District misplaces its reliance.

■ Section 11.02 sets out the general rules for taxation of intangible personal prop-

---

2. We note that since the *Bullock* decision, the legislature has amended the definition of "tangible personal property" in the *sales tax provisions* to include computer application programs. *See* TEX. TAX CODE ANN. § 151.009 (Vernon 1992). We also note that the legislature *did not* change the property tax definition of "tangible personal property" in the Code. That the legislature saw fit to alter the sales tax definition of "tangible personal property" without changing the property tax definition of "tangible personal property" indicates a clear legislative intent to continue to exclude computer application software from ad valorem taxation.

3. Our decision today is in accord with a number of decisions from other states' courts. Although many of these courts dealt with the "tangibility" question in the context of sales and use tax provisions, others have addressed the question in personal property tax provisions. *See, e.g., Dis-*

*trict of Columbia v. Universal Computer Assocs., Inc.*, 465 F.2d 615 (D.C.Cir.1972) (personal property tax); *State v. Central Computer Servs., Inc.*, 349 So.2d 1160 (Ala.1977) (use tax); *Honeywell Info. Sys., Inc. v. Maricopa County*, 118 Ariz. 171, 575 P.2d 801 (App.1977) (personal property tax); *Northeast Datacom, Inc.*, 563 A.2d at 688 (personal property tax); *First Nat'l Bank v. Department of Revenue*, 85 Ill.2d 84, 51 Ill.Dec. 667, 421 N.E.2d 175 (1981) (use tax); *In the Matter of Protest of Strayer*, 239 Kan. 136, 716 P.2d 588 (1986) (personal property tax); *Maccabees Mut. Life Ins. Co.*, 332 N.W.2d at 561 (use tax); *James v. Tres Computer Sys., Inc.*, 642 S.W.2d 347 (Mo. 1982) (use tax); *CompuServe, Inc. v. Lindley*, 41 Ohio App.3d 260, 535 N.E.2d 360 (1987) (sales, use, and personal property tax); *Commerce Union Bank v. Tidwell*, 538 S.W.2d 405 (Tenn.1976) (sales and use tax).

erty. Section 23.12 addresses the procedures for appraising inventory that meets the taxation requirements of section 11.02. *See* TEX. TAX CODE ANN. § 23.12 (Vernon 1992 & Supp.1996). To adopt the Appraisal District's construction, we would have to ignore the express language of section 11.02(a) which *excludes* from taxation all intangible personal property except for that specifically listed under subsection (b). We will not construe two statutory provisions to conflict with one another if it is reasonable and possible to harmonize the two. *See Estate of Padilla*, 843 S.W.2d at 198. Here, the statutory provisions can be easily harmonized. Thus, we reject the Appraisal District's argument that the computer software was taxable as business inventory under section 23.12.

### c. Failure to Allocate Value

■ The Appraisal District's argument that summary judgment was improper because Tech Data failed to distinguish between the tangible aspects of the software—packaging, discs, and instructions—and the intangible aspects ignores Attinella's affidavit. Attinella defined the term "computer application software" as *intellectual property* consisting of binary instructions, programs, routines, and symbolic mathematical codes that control the computer's functioning. Attinella valued the computer application software at $2,501,798. Reading Attinella's affidavit in its entirety clearly shows that he was valuing the *intangible* aspects of the software and *excluding* the value of any tangible medium on which the software was housed as well as any packaging and instruction manuals. Once Tech Data's summary judgment evidence established the value of the "intangible" computer application software, the burden shifted to the Appraisal District to raise a fact issue on that valuation. The Appraisal District failed to do so. Because no fact issues exist on the value of the software as that term is defined in Attinella's affidavit, we conclude the trial court properly granted summary judgment for Tech Data.

For the reasons stated, we overrule the Appraisal District's fifth, sixth, seventh, and eighth points of error. Our disposition makes it unnecessary for us to consider Tech

Data's cross-point of error. TEX.R.APP. P. 90(a). We affirm the trial court's judgment.