**Conditionally granted in part, Denied in part, and Opinion Filed November 29, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01151-CV
No. 05-17-01152-CV
No. 05-17-01153-CV

## IN RE DALLAS COUNTY PUBLIC DEFENDER'S OFFICE, Relator

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-75436-Q, F17-75468-Q, and F17-76382-Q**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Stoddart
Opinion by Justice Lang

In this original proceeding, the Dallas County Public Defender's Office complains of the trial court's denial of the office's motion to be appointed counsel to represent Emmanuel Kilpatrick in a capital murder case. The public defender's office contends that article 26.04(f) of the code of criminal procedure required the trial court to give the office priority in appointments and to appoint a member of the office to represent Kilpatrick unless the trial court had good cause to appoint other counsel. The public defender's office specifically asks this Court to grant the writ, vacate the order denying the appointment, mandate that the public defender's office be appointed to Kilpatrick's case, and issue a writ of prohibition that prohibits the trial court from denying future appointments sought by the public defender's office. For the following reasons, we conditionally grant the writ in part and deny it in part. We conditionally grant the writ only to the extent that we find that the trial court violated a ministerial duty by failing to provide a

reason for appointing other counsel on the record and/or in a written order denying the appointment. We deny the petition for writ of mandamus on all other grounds and deny the petition for writ of prohibition.

## Background

Kilpatrick has been indicted on three capital murder charges. The trial judge initially appointed attorney Richard Carrizales to represent Kilpatrick. Carrizales is only qualified to sit as second chair in death penalty cases in Dallas County. On September 22, 2017, the trial judge appointed Karo Johnson to represent Kilpatrick and sit first chair. Before Johnson's appointment, the Dallas County Public Defender's Office filed a motion to be appointed counsel to represent Kilpatrick and moved in the alternative for a hearing to demonstrate good cause for denying the appointment. Assistant Public Defender Christi Dean also sent the court coordinator an e-mail requesting "a formal written ruling on our motion indicating good cause or, in the alternative, set it for hearing . . . ." The trial judge denied the motion for appointment by written order without stating a reason and denied the request for a hearing to demonstrate good cause. This original proceeding followed.

## Mandamus Standard

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *In re Wingfield*, 171 S.W.3d 374, 378–79 (Tex. App.—Tyler 2005, orig. proceeding). For a duty to be ministerial, the law must "clearly spell [ ] out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *State ex rel. Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 928 (Tex. Crim. App. 2001) (quoting *Texas Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)). In other words, the act must be

"positively commanded and so plainly prescribed" under the law "as to be free from doubt." *State ex rel. Hill*, 34 S.W.3d at 928 (quoting *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992)). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 862–63 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

The "ministerial act" requirement has been described as a requirement that the relator have "a clear right to the relief sought." *State ex rel. Hill*, 34 S.W.3d at 927–28. "Mandamus may be used to correct judicial action that is contrary to well-settled law, whether the law is derived from statute, rule, or clear, binding precedent from a court of superior jurisdiction." *In re Wingfield*, 171 S.W.3d at 379 (citing *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994)). A "discretionary" function may become "ministerial" when the facts and circumstances dictate but one rational decision. *In re Rivas*, No. 13-14-00648-CR, 2014 WL 6085670, at *1 (Tex. App.—Corpus Christi Nov. 13, 2014, orig. proceeding) (citing *Buntion*, 827 S.W.2d at 948 n. 2). Mandamus is appropriate "to correct judicial action that ignores clear, binding precedent from a court of superior jurisdiction" because trial courts "do not enjoy the freedom to ignore the law." *Healey*, 884 S.W.2d at 774.

For example, in *Wingfield*, the State Counsel for Offenders (SCFO) sought mandamus relief from the trial court's denial of the SCFO's motion to withdraw as counsel for one of two co-defendants. 171 S.W.3d at 376. SCFO sought to withdraw from representing Wingfield pursuant to article 26.051(g), which provides:

> The court ***shall*** appoint an attorney other than an attorney provided by the [Texas Board of Criminal Justice] if the court determines ***for any of the following reasons*** that a conflict of interest could arise from the use of an attorney provided by the board [for an inmate who is charged with an offense committed while in the custody of the Texas Department of Criminal Justice]:

TEX. CODE CRIM. PROC. ANN. art. 26.051(g) (emphasis added). The statute then lists three reasons such a conflict of interest could arise. The court held that "[t]he plain language of the statute requires the trial court to appoint non-SCFO counsel if at least one of the three criteria is met." *In re Wingfield*, 171 S.W.3d at 379. The court also determined that "the act of appointing non-SCFO counsel becomes ministerial once SCFO makes the required showing." *Id.*

**Applicable Law**

This case presents the Court with the task of interpreting two statutes: articles 26.04 and 26.052 of the Texas Code of Criminal Procedure. Article 26.04(f) provides that a court "shall give priority" in appointment to a county's public defender's office but "is not required to appoint the public defender's office if: (1) the court has reason to appoint other counsel. . . ." TEX. CODE CRIM. PROC. art. 26.04(f). The current version of article 26.04(f) was enacted in 2015. According to the 2015 bill analysis, the author sought to facilitate the increased use of public defenders and intended article 26.04(f) to require the courts to give priority to appointing public defenders unless the court "finds good cause" to appoint someone else. The enacted version of 26.04(f) does not, however, include the words "good cause." Rather, if the court "has reason" to appoint someone other than a public defender, the court is permitted to do so. TEX. CODE CRIM. PROC. art. 26.04(f)(1).

Article 26.052, titled "Appointment of counsel in death penalty case; reimbursement of investigative expenses," sets out procedures, "notwithstanding any other provision of [Chapter 26]," for adopting standards for the qualification of attorneys to be appointed to represent indigent defendants in capital cases, for compiling and maintaining a list of qualified attorneys, and for payment of appointed counsel. TEX. CRIM. PROC. CODE art. 26.052(a),(c)–(n). Article 26.052(b) also provides:

> (b) If a county is served by a public defender's office, trial counsel and counsel
> for direct appeal or to apply for a writ of certiorari may be appointed as provided

by the guidelines established by the public defender's office. In all other cases in which the death penalty is sought, counsel shall be appointed as provided by this article.

TEX. CRIM. PROC. CODE art. 26.052(a),(b). Article 26.052 is silent as to whether a court must give priority to a public defender's office in making appointments in capital cases. TEX. CRIM. PROC. CODE art. 26.052. Article 26.04(a) states that appointment procedures implemented under that article "must be consistent with" article 26.052. TEX. CRIM. PROC. CODE art. 26.04(a).

Article 26.04(f) applies here and is consistent with the requirements of article 26.052 where, as here, the attorney seeking appointment is qualified under article 26.052. *See, e.g., Dallas Cent. Appraisal Dist. v. Cunningham*, 161 S.W.3d 293, 295 (Tex. App.—Dallas 2005, no pet.) (statutes are to be considered as a whole to harmonize all provisions); *see also Dallas Cent. Appraisal Dist. v. Tech Data Corp.*, 930 S.W.2d 119, 122 (Tex. App.—Dallas 1996, writ denied) (courts do not give a statute a meaning that conflicts with other provisions if the court can reasonably harmonize the provisions).

**Discussion**

The plain language of article 26.04(f) requires the trial court to "give priority" to the public defender's office in appointments but does not require the court to appoint the public defender's office if the court "has reason" to appoint someone else. The act of appointing the public defender's office is ministerial unless the court "has reason" to appoint another attorney. Similarly, the trial court's act of applying article 26.04(f) to the facts of the case is a ministerial task. A trial court must perform those ministerial tasks openly and on the record to provide litigants and reviewing courts with a record sufficient to determine whether the tasks have been performed as required.

Here, the trial court's appointment of Carrizales and Johnson instead of the public defender's office would breach the ministerial duties required by article 26.04(f) if the court

–5–

appointed Carrizales and Johnson without "a reason" to do so. By failing to provide a reason for denying the public defender's motion for appointment in a manner capable of review, the trial court did breach its ministerial duties. Although the trial judge avers that she told Dean why she was not appointing the public defender's office, simply telling the potential appointee the reason is not sufficient to comply with the court's ministerial duties under the statute. For these reasons, we hold that the trial court breached its ministerial duties by not providing its reason for denying the appointment on the record and/or in a written motion.

Accordingly, we conditionally grant the writ of mandamus in part and order the trial court to make a written ruling within fifteen (15) days of the date of this opinion setting out its reason or reasons for appointing counsel other than the Dallas County Public Defender's Office to represent Emmanuel Kilpatrick in the underlying proceedings. A writ will issue only if the trial court fails to comply with this opinion and the order of this date. We deny relator's petition for writ of mandamus on all other grounds and deny relator's petition for writ of prohibition.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

171151F.P05