## LONGO v. MINCHELLA.

1. CHATTEL MORTGAGES—GOOD WILL—LEASEHOLD—RETAIL LIQUOR LICENSE.

It would be inferred that a mortgage of a retail liquor license, located at a specified address and all fixtures and good will, including stock of all sources would include the leasehold, as the good will ordinarily would embrace the particular location of the business.

2. JUDGMENT—DECREE—FORECLOSING MORTGAGE—RES JUDICATA.

A decree foreclosing a mortgage should dispose of all questions which could have been raised.

3. SAME—CONSENT DECREE—FRAUD—MISTAKE.

A consent decree foreclosing a mortgage which followed preliminary discussion or negotiations between attorneys looking to the compromise or surrender of rights of the parties and was not the result of fraud, misrepresentation or mistake cannot be attacked or appealed from.

4. EQUITY—CROSS BILL—MOTION TO MODIFY DECREE—IMPAIRMENT OF RECEIVER'S RIGHTS.

Order dismissing a cross bill, filed by intervenors who claim an interest in the leasehold over 60 days following entry of consent decree foreclosing a mortgage on a retail liquor establishment, and dismissing motions to set aside or modify such decree, which litigation had the effect of impairing the receiver's right to sell the property because of the question interjected as to the validity of the title *held*, to have been proper.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur, Chattel Mortgages §§129–133.
[2] 10 Am Jur, Chattel Mortgages § 250.
[3] 31 Am Jur, Judgments § 464.
[4] 31 Am Jur, Judgments § 591.

Appeal from Wayne; Ferguson (Frank B.) and Weideman (Carl M.), JJ. Submitted June 10, 1955. (Docket No. 71, Calendar No. 46,431.) Decided October 3, 1955.

Bill by John Longo against Dominic Minchella and Anna Minchella to foreclose chattel mortgage. Anthony Latorella and Theresa Latorella intervene. Michael Berry named receiver. Consent decree of foreclosure entered directing sale by receiver. Thereafter intervenors filed cross bill and various motions to amend or set aside decree. Motions denied and cross bill dismissed. Intervenors appeal. Affirmed.

*John Palumbo,* for plaintiff.

*Ira F. Morgan,* for intervenors.

*Weiswasser, Jaffe & Radner (Aaron Weiswasser,* of counsel), for receiver.

Butzel, J. On April 24, 1952, Dominic Minchella and wife executed a "chattel mortgage" to one Secondino and wife to secure payment of an indebtedness of $10,591.68 and interest. The "goods, chattels and personal property" mortgaged were described as:

"A class 'C' license number 4495. Class 'C' located at 4203 Gladwin avenue, Detroit, Michigan, in the name of Dominic Minchella and all of the fixtures and good will, including stock of all sources.

"Subject to the laws of the State of Michigan rules and regulations of the Michigan liquor control commission."

The Minchellas were lessees of the premises which they apparently were operating as a bar.

The record does not set forth their lease or any assignment of it to the mortgagees. A natural inference, however, would be that a mortgage of the good will of an established bar or tavern would include the leasehold, as the good will as a rule would embrace the particular location of the business. Evidently the parties so understood the transaction as is shown by the subsequent decree and orders. In all events the mortgage was most ineptly drawn.

The mortgagees assigned the mortgage to John Longo, plaintiff and appellee. Upon the filing of a bill by plaintiff to foreclose the mortgage an order was entered that defendants Minchella show cause why a receiver should not be appointed "to operate the mortgaged class C establishment" at the address set forth in the mortgage, and to conserve the assets. Defendants were restrained from transferring, selling or disposing of any of the property on the mortgaged premises until the further order of the court. In the order appointing Michael Latorella as the original temporary receiver the property was described as:

"A certain class C bar establishment with all inventory, stock, equipment, fixtures, furniture, lease, interest and Michigan liquor control commission class C license, etc., located at 4203 Gladwin avenue, Detroit, Michigan."

It must have been understood at that time by the parties that the good will included the leasehold.

A petition for intervention, if any, does not appear in the record but on January 15, 1954, Anthony and Theresa Latorella were permitted to intervene in the case and they duly appeared by their then attorney, though thereafter a number of different attorneys appeared for them throughout this litigation. The Latorellas are hereinafter referred to as intervenors. The brief of appellee describes

Michael Latorella as related to intervenors and defendant Dominic Minchella as the brother of Theresa Latorella, an intervenor. The record itself does not show this. On May 4, 1954, pursuant to stipulation of the parties including intervenors an order was entered replacing the original temporary receiver by Michael Berry. On May 10, 1954, an order entitled "Consent Foreclosure Decree" was entered. Its preamble states:

"This cause having been brought on to be heard on the bill of complaint filed therein, and the proofs having been taken in open court and upon stipulation of counsel, on behalf of their respective clients, and proofs having been taken to ascertain and determine the amount due to the plaintiff on the note and mortgage mentioned and set forth in said bill of complaint, and due proof of the regularities of the proceedings had in this cause having been stipulated to by the respective counsel, and after having heard the proofs as aforesaid and the argument of counsel, * * * ."

The property was again described as:

"A class C license No. 4495, class C located at 4203 Gladwin avenue, Detroit, Michigan, in the name of Dominic Minchella and all of the fixtures and good will including stock of all sorts, subject to the laws of the State of Michigan [and], rules and regulations of the Michigan liquor control commission."

The decree was approved as to form and substance by the attorneys for all parties including intervenors. It was absolute and regularly entered. The attorneys for intervenors were members of the bar in good standing and not even the slightest criticism of their action is made nor is there any fraud, collusion, or improper conduct even hinted at. The foreclosure decree should have disposed of all questions which could have been raised.

However, on July 15, 1954, over 60 days after entry of the decree intervenors by a new attorney filed a cross bill of complaint alleging that they had obtained a lease on the same premises on June 24, 1953, from Charles Vollens (not a party herein), long after the giving of the mortgage and before the foreclosure suit was commenced. They prayed that the receiver be ordered to surrender the premises to them and to pay them $500 a month rental for occupancy of the premises from the time of the institution of the foreclosure action until further order of the court. On July 31, 1954, plaintiff moved to dismiss the cross bill on the grounds that the consent decree finally determined the matter and was *res judicata.* On August 11, 1954, intervenors filed a claim of appeal from the foreclosure decree. Later petitions to set aside and modify the decree were filed. These motions as well as the cross bill were denied and dismissed. On December 27, 1954, the circuit judge entered an "Order Determining Rent" which we shall discuss later. Intervenors' claim of appeal was later amended to include all orders entered in this case.

Neither the record nor briefs make clear the status of intervenors' lease in relation to that of defendant mortgagors to which the receiver succeeded under the terms of the consent decree. A further difficulty with this entire case as presented to us is that intervenors come to this Court with an incomplete record. At the oral argument in this Court only the attorney for intervenors appeared and made statements in regard to transactions not shown by the record.

We are of the opinion that the cross bill of complaint was correctly dismissed and the motions to set aside and modify the decree were correctly denied. The consent foreclosure decree was a true consent decree. It was approved as to form and

substance by intervenors' attorneys, was labeled as such and was considered and referred to as such by all parties. Most important it was apparently the result of "preliminary discussion or negotiations between attorneys looking to the compromise or surrender" of the rights of the parties as stated in *Kirn* v. *Ioor*, 266 Mich 335, 337. The record before us does not indicate otherwise. There is no claim made that intervenors' consent to the entry of the decree was involuntarily given or was the result of fraud, misrepresentation or mistake. Therefore the parties cannot attack it or appeal from it. *Sauer* v. *Rhoades*, 338 Mich 679.

There exists, however, the "Order Determining Rent." It orders the receiver to pay intervenors $150 per month:

"Subject to the understanding that heat for the premises be furnished and paid for by the landlord and water bills by the tenant, from the time that the receiver came into possession of said premises under the order of this court, and during the time that the said receiver shall continue in possession of said premises, *provided, however, that such payment be made at such time when the receiver shall come into possession of the proceeds of the sale of the property involved.*" (Emphasis added.)

The $150 was evidently the amount which intervenors were paying under their lease as alleged by them. This order presents a somewhat incongruous state of affairs. The intervenors' cross bill of complaint, based upon their alleged lease and right to rent or possession, had been dismissed. Thereafter the same judge entered an order determining rent in favor of intervenors. This would seem to be patently inconsistent with the dismissal of the cross bill as well as denial of the motions to amend or set aside the decree. No one seems to object to this order. Plaintiff did not cross-appeal from its

entry and intervenors merely question the propriety of the italicized portion.

We can readily see how it would be very difficult to secure purchasers at foreclosure sale when the right to sell is being litigated and an appeal is pending in this Court. The purchaser could not be sure of his title. Intervenors' attorney stated that while rent at $150 had been previously paid for some time, nevertheless it had not been paid now for many months. We thus find a situation where a receiver is in charge of property which he cannot sell, probably because of pending litigation. There is no showing whatsoever that he has any funds on hand with which to pay the rent. Evidently intervenors also hold a second mortgage on the property. Possibly by the unsuccessful effort to depreciate the good will they hoped to secure it at a lower figure. They attempted to force the payment of $500 a month for rent but the court found that it was worth only $150. The equities of the case are strongly against intervenors. Plaintiff's motion to dismiss intervenors' claim of appeal alleges that a proper public sale has been held. Intervenors state in their brief that no sale has been held. The record does not show one. If the litigation is disposed of and the receiver can proceed to sell, intervenors might seek to enforce the order determining rent. That, however, is not before us and we make no order in that regard.

The orders dismissing the cross bill and denying the motions to set aside or modify the decree are affirmed, with costs to plaintiff.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.