### H. M. SELDON COMPANY *v.* THOMAS

PARTIES—UNDISCLOSED PRINCIPLE—ACTION BY REAL PARTY IN INTEREST.

> Plaintiff was a proper party to initiate an action for specific performance of a contract to sell real property where the record indicates that plaintiff was a party in whose name a contract had been made for the benefit of another (CLS 1961, § 600.2041).

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 June 6, 1969, at Detroit. (Docket No. 6,327.) Decided June 24, 1969. Rehearing denied July 25, 1969. Leave to appeal denied October 23, 1969. See 382 Mich 789.

Complaint by H. M. Seldon Company, a Michigan corporation, against Isabelle Thomas for specific performance of an agreement to sell real property. From an order denying a motion to vacate a consent judgment, defendant appeals. Affirmed.

*Goldstein & Goldstein,* for plaintiff.

*Albert Green,* for defendant.

BEFORE: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
49 Am Jur, Specific Performance § 147 *et seq.*

PER CURIAM. On August 2, 1967, plaintiff sued defendant for specific performance of a properly executed purchase agreement, which required conveyance by defendant of her property to plaintiff for the sum of $37,100 less $2,100 commission, netting her $35,000. After her refusal to convey and the filing of a suit for specific performance, by stipulation of the parties to this action a consent judgment was entered on January 8, 1968, whereby defendant was to convey her property to plaintiff, whose undisclosed principal was Jennings Memorial Hospital. In return, she was to receive $38,000 plus certain tax credits which plaintiff would normally be required to pay. The consent judgment also provided that defendant was to vacate her premises by August 1, 1968. Subsequently, defendant refused to sign a warranty deed, but the consent judgment provided for its recording in lieu of a deed. On August 2, 1968, plaintiff filed a complaint in Wayne county commissioner's court, alleging that the defendant was a trespasser.

On August 12, 1968, a judgment for restitution of premises was rendered in favor of the plaintiff.

On August 16, 1968, defendant appealed from the judgment for restitution. On August 30, 1968, defendant filed a motion to vacate the consent judgment. Both matters were heard and argued together in Wayne county circuit court.

On October 19, 1968, an order was filed denying the motion to vacate the consent judgment. For the correctness of the ruling on consent judgment, see *In Re Estate of Meredith* (1936), 275 Mich 278 (104 ALR 348), and *Longo v. Minchella* (1955), 343 Mich 373. From this adverse ruling, defendant appeals.

Other than the correctness of the adverse ruling on the consent judgment, the other issue here is whether plaintiff was the proper party to bring this

cause of action as the real party in interest.   The answer is provided by CLS 1961, § 600.2041 (Stat Ann 1962 Rev § 27A.2041) which provides:

"Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action was brought, *  *  *  ."

Careful reading of the record indicates that plaintiff was acting for the benefit of Jennings Memorial Hospital and was a proper party to initiate the suit. *Roy Annett, Inc.* v. *Kerezsy* (1953), 336 Mich 169.
Affirmed.   Costs to appellee.