MICHIGAN BELL TELEPHONE COMPANY v SFAT

Docket No. 101077. Submitted January 10, 1989, at Detroit. Decided
June 7, 1989.

Michigan Bell Telephone Company brought an action in Wayne
Circuit Court against Tiberiu F. Sfat, a former employee.
Plaintiff sought to recover sales commissions and cash advances
it alleged were obtained in breach of contract and through
fraud by defendant. Prior to filing its action, plaintiff was
unsuccessful in contesting defendant's eligibility for unemploy-
ment benefits in two proceedings before the Michigan Employ-
ment Security Commission. The trial court, Thomas J. Bren-
nan, J., granted partial summary disposition in favor of plain-
tiff as to the breach of contract claim and denied defendant's
motion to strike the fraud claim. In denying defendant's mo-
tion, the trial court ruled that the MESC proceedings did not
operate to bar plaintiff's claim under the doctrines of res
judicata or collateral estoppel. After several adjournments of
trial necessitated by defendant's failure to appear in court, the
matter was settled on terms recited by the parties' attorneys in
open court. One of the terms of the settlement agreement
required defendant to endorse over to plaintiff a check drawn
by plaintiff as payment to defendant of an unrelated workers'
compensation claim. Defendant subsequently refused to sign
both the settlement agreement and the check. Plaintiff filed a
motion for the entry of the consent judgment. New counsel
retained by defendant opposed plaintiff's motion on grounds
which included collateral estoppel based on the MESC proceed-
ings. The trial court entered an order granting plaintiff's mo-
tion and imposing sanctions on both defendant and his attorney
in the amount of $1,500 each under the court rule allowing
sanctions for unwarranted pleadings. Defendant appealed.

The Court of Appeals *held:*

1. An MESC decision may not serve as the basis for a claim of
collateral estoppel in an action in circuit court.

2. Sanctions imposed pursuant to the court rule on unwar-

REFERENCES

Am Jur 2d, Compromise and Settlement §§ 35-39; Pleading § 339.
See the Index to Annotations under Compromise and Settlement;
Pleadings.

ranted pleadings are not limited to actual costs and reasonable attorney fees, but may include punitive fines. Assuming, without deciding, that the sanctions imposed in this case were purely punitive, the amounts assessed by the trial court were appropriate in light of the conduct which precipitated the imposition of sanctions.

3. By not raising it at the trial court level, defendant has waived appellate review of his claim that the order imposing sanctions should be held to have no effect because it bore no date.

4. The settlement agreement was binding on defendant, and he could not withdraw his consent thereto, in the absence of a showing of mistake, fraud, or unconscionable advantage.

5. Appellate review of defendant's claim that endorsement of the workers' compensation redemption check over to plaintiff was in violation of the Workers' Disability Compensation Act is precluded since defendant abandoned the claim at the trial court level.

Affirmed; costs to plaintiff.

1. PLEADING — UNWARRANTED ALLEGATIONS — SANCTIONS.

Sanctions can be awarded against both a party and the party's counsel for their failure to make a reasonable inquiry to determine if a pleading is well grounded in fact and is warranted by existing law or a good faith extension, modification, or reversal of existing law, and a court need not determine whether a party or the party's counsel had an improper purpose in filing the pleading before it imposes sanctions; appropriate as sanctions are actual costs, reasonable attorney fees, and punitive fines (MCR 2.114).

2. COMPROMISE AND SETTLEMENT — CONSENT JUDGMENTS — RELIEF FROM JUDGMENT.

An agreement or consent made in open court by the parties or their attorneys is binding on the parties; a party cannot, after agreeing in open court, refuse to sign a proposed judgment which accurately incorporates the agreement unless there was mistake, fraud, or unconscionable advantage which would justify setting aside the settlement agreement (MCR 2.507[H]).

*Craig A. Anderson,* for plaintiff.

*Roberta Kyselka Sarkis,* for defendant.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

PER CURIAM. Defendant appeals as of right from the May 15, 1987, order of the Wayne Circuit Court entering judgment in accordance with an earlier consent agreement of the parties and imposing sanctions against both defendant and his attorney. We affirm.

Plaintiff Michigan Bell Telephone Company commenced this action in March of 1984 to recover sales commissions and cash advances which were allegedly fraudulently obtained by defendant, a former employee of Michigan Bell. On two occasions before commencing this suit, Michigan Bell had discharged defendant because of "unauthorized advertising" activity. Each time defendant filed for unemployment benefits. Although Michigan Bell protested his entitlement to benefits, the issue was ultimately decided against the employer by the Michigan Employment Security Commission. Defendant never sought judicial review of the agency decisions.

On March 17, 1987, Michigan Bell filed a motion to exclude certain evidence and a motion for summary disposition on the breach of contract claim for the cash advances paid to defendant. On the same date, defendant moved to strike the fraud claim, asserting that the MESC proceedings operated to bar the claim under the doctrines of res judicata or collateral estoppel. The trial court granted Michigan Bell's motion for partial summary disposition and granted its motion to exclude evidence in part. The court initially took defendant's motion under advisement and, on a later date, denied the same, holding that the MESC decisions do not have "the same quality or standard as many judgments."

Trial in the matter was scheduled to commence on March 19, 1987. Prior to the start of the proceedings, defense counsel informed the court that defendant had been in the courtroom that morning but had left because he was ill and "did not feel that he could appear at the trial today." Apparently, defendant was suffering a series of intestinal problems around this time. Defense counsel requested that the court adjourn the trial to an unspecified date. The court responded that it was without authority to adjourn the matter outright but would grant a continuance until the following Monday, i.e., March 23, 1987. Before concluding the day's proceeding, defense counsel was allowed to place on the record his belief that there was a breakdown in the attorney-client relationship due to defendant's refusal to pay attorney fees and to accept counsel's recommendations regarding settlement.

Immediately thereafter, the attorneys for both parties appeared before Chief Judge Richard C. Kaufman of the Wayne Circuit Court to voice their respective positions on defendant's request for adjournment. Defense counsel also requested that he be allowed to withdraw from the case. The chief judge denied the adjournment and withdrawal requests, and ordered the matter to continue on March 23. It was also ordered that defendant appear on that date with documentation from a physician indicating the nature and extent of his purported illness.

Defendant did not appear as ordered on March 23. However, because the trial judge was ill, the case was postponed until the next day. On March 24, defendant did not appear himself but his wife did. She brought a letter from a physician, dated March 23, 1987, stating that defendant had an ileostomy which was creating problems and that,

while it could be controlled with medication over a period of time, defendant's activity in the interim had to be restricted. The case was postponed until April 6, 1987. Defense counsel renewed, but the court denied, his request to withdraw.

On April 6, defendant's wife again appeared in his stead. She asserted that he was still ill. Counsel for Michigan Bell challenged that assertion. He stated he had reason to believe that defendant's condition was not as his wife claimed but that defendant was, in fact, at his place of business on March 23, 1987. Defendant's wife acknowledged that he had been going to work. After the trial judge stated that "as far as I'm concerned the trial should go or you [Michigan Bell] should get a judgment today," defense counsel stated that he was prepared for trial. The case was recessed at 10:30 A.M. to allow the parties to take the adjournment matter up with the chief judge.

The chief judge again denied defendant's request for adjournment and, faced with an immediate trial, the parties negotiated a settlement of the case. Court reconvened later that afternoon and the terms of the settlement were placed on the open record. Defendant was in attendance at this time. As part of the settlement, the proceeds of a redemption order, which were owed to defendant and which arose from an unrelated workers' disability compensation claim, were to be deducted from the agreed upon settlement amount. The trial court approved the terms of the settlement and directed preparation of an order outlining those terms.

On April 7, 1987, Michigan Bell's attorney forwarded to defense counsel a proposed settlement agreement and stipulation for entry of judgment. Also forwarded was a workers' compensation check drawn by Michigan Bell payable to defen-

dant which was to be endorsed over to Michigan Bell by defendant. Subsequently, defense counsel notified Michigan Bell that defendant had changed his mind and had refused to sign both the settlement agreement and the check.

On May 1, 1987, Michigan Bell filed a motion for entry of judgment. Sometime thereafter, defendant retained new counsel to represent him. On May 14, 1987, that counsel filed objections to Michigan Bell's motion, one of which was that the fraud and breach of contract issues had been raised and adjudicated before the MESC on two prior occasions and, therefore, Michigan Bell should be barred from bringing the instant action under the doctrine of collateral estoppel.

At a hearing on May 15, 1987, the trial court ordered entry of judgment and, pursuant to Michigan Bell's request, imposed sanctions on both defendant and his attorney in the amount of $1,500 each.

Defendant then filed motions for a stay of execution and an appeal bond. The trial court denied those motions at a hearing held on July 17, 1987. This appeal as of right followed.

As his first issue on appeal, defendant claims the trial court erred in holding that an MESC decision does not have the same quality or standing as many judgments and, therefore, cannot be used as collateral estoppel in the circuit court. Since the time defendant filed this claim of appeal, that issue, in a different context, was decided adversely to his position in *Storey v Meijer, Inc,* 431 Mich 368; 429 NW2d 169 (1988). The trial court did not err in its holding.

Defendant next raises several arguments concerning the imposition of sanctions against him by the trial court. We find that none of the arguments warrant reversal.

The court rule authorizing the imposition of sanctions, MCR 2.114, provides in pertinent part:

(D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that
(1) he or she has read the pleading;
(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and
(3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
(E) Sanctions for Violation. If a pleading is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

In the instant case, the trial court properly assessed costs against both defendant and his newly retained counsel because, had the attorney made reasonable inquiry, he would have learned that the collateral estoppel defense was previously raised and rejected. See *Lloyd v Avadenka,* 158 Mich App 623, 630-631; 405 NW2d 141 (1987), lv den 428 Mich 905 (1987). Although defense counsel allegedly made investigative efforts to determine whether the issue had already been adjudicated, we do not believe this excuses his conduct. Assuming the defense had not been raised previously, counsel should have been aware that it was waived

because defendant failed to assert it in his first responsive pleading. MCR 2.116(D)(1). Counsel offered no explanation for the untimeliness of the defense.

Moreover, because defendant was present when the terms of the settlement agreement were read in open court and he voiced no objections thereto, we must conclude that it met his approval. He did not provide the trial court below, or this Court on appeal, with an adequate explanation for his subsequent refusal to sign the consent decree. Defendant's objections to entry of judgment all involved matters which were, or should have been, within his knowledge or contemplation at the time he agreed to the settlement. Further, it does not matter that defendant's objections were not filed for an improper purpose. *Lloyd, supra,* p 629.

Contrary to what defendant asserts, we do not believe MCR 2.114(E) limits the type of sanctions which may be imposed to actual costs and reasonable attorney fees only. Had our Supreme Court intended such a result it could have stated so expressly, as it did in promulgating other court rules that authorize only the imposition of "actual costs" (MCR 2.403[0][1]) or "reasonable expenses, including attorney fees" (MCR 2.313[A][5][b] and 2.313[B][2]). By using the term "sanction," we can only assume the Supreme Court did not intend to limit it in the manner urged by defendant.

By definition, a sanction is "a penalty or punishment provided as a means of enforcing obedience to a law." *Black's Law Dictionary* (Rev 4th ed, 1968), p 1507. Utilizing dictionary definitions is an appropriate method of interpreting the language of a court rule to determine the Supreme Court's intent in promulgating the rule. See *In re Harris Estate,* 151 Mich App 780, 784; 391 NW2d 487 (1986)(dictionary definitions are appropriate guides

for ascertaining legislative intent), and *Stepp v Dep't of Natural Resources,* 157 Mich App 774, 777; 404 NW2d 665 (1987), lv den 429 Mich 860 (1987) (principles of statutory construction apply in construing court rules). That the dictionary assigns the appropriate definition to sanctions under MCR 2.114(E) is established by several factors. First, MCR 2.116(F) expressly refers to the MCR 2.114(E) sanctions as "penalties." Second, a leading authority has recognized that "MCR 2.114(D)[sic] puts no limit on the type of sanction that a court may impose." 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 276. Third, and perhaps most significantly, federal courts—in interpreting FR Civ P 11, the federal court rule upon which MCR 2.114 is patterned—have unequivocally held that sanctions may be imposed for purely punitive purposes. *Harris v Marsh,* 679 F Supp 1204, 1390 (ED NC, 1987); *Mercury Service, Inc v Allied Bank of Texas,* 117 FRD 147, 156-157 (CD Cal, 1987) and authorities cited therein. For the above reasons, we conclude that MCR 2.114(E) authorizes the imposition of punitive fines and is not limited to actual costs and reasonable attorney fees. Contra, *Hicks v Ottewell,* 174 Mich App 750, 756; 436 NW2d 453 (1989).[1] Assuming, without deciding, that the sanctions imposed in the instant case were purely punitive, we believe the amounts assessed by the trial court were appropriate considering the conduct which precipitated their imposition.

Defendant next claims that the order imposing sanctions should be held to have no effect because it was not dated by the court. Defendant's failure

---

[1] Judge MAHER acknowledges that he was a member of the majority in *Hicks, supra.* However, upon further reflection, he repudiates *Hicks* insofar as it holds that "punitive" sanctions may not be awarded under MCR 2.114(E).

to raise this claim below precludes appellate review absent manifest injustice. *Smith v City of Pontiac,* 169 Mich App 559, 562; 426 NW2d 704 (1988). Here, we cannot discern any manifest injustice resulting to defendant. He has not informed this Court of any substantial prejudice flowing from the undated order. Furthermore, defense counsel was present when the trial judge signed the praecipe for the order in open court. Defendant should not now be heard to complain that he was prevented from ascertaining when the period for posttrial actions began to run.

Defendant next asserts that the consent decree presented to the court for signature was not a valid judgment because he withdrew his consent before entry of the decree. We disagree.

An agreement or consent made in open court by the parties or their attorneys is binding on the parties. MCR 2.507(H). A party cannot, after agreeing in open court, refuse to sign a proposed judgment which accurately incorporates the agreement unless there was mistake, fraud, or unconscionable advantage which would justify setting aside the settlement agreement. *Meyer v Rosenbaum,* 71 Mich App 388; 248 NW2d 558 (1976). Defendant relies on *City of Norton Shores v Carr,* 59 Mich App 561; 229 NW2d 848 (1975), in furtherance of his position. That case appears to hold that a litigant is free to revoke a consent judgment between the time it is orally placed on the record and the time the judgment is actually entered by the court. To the extent that *Norton Shores* stands for that proposition, we join those cases which have since unanimously rejected its apparent holding. See, e.g., *Siegel v Spinney,* 141 Mich App 346, 349; 367 NW2d 860 (1985); *Van Wagoner v Van Wagoner,* 131 Mich App 204, 212-213; 346 NW2d 77 (1983); *Michigan Nat'l Bank of Detroit v Pat-*

*mon,* 119 Mich App 772, 777-778; 327 NW2d 355 (1982); *Meyer, supra,* pp 392-393. This is not a situation where an attorney enters into a consent agreement without the approval of the party. See *Patmon, supra,* pp 776-777.

Defendant lastly argues that the provision in the consent agreement directing him to sign over his workers' compensation redemption check was in violation of MCL 418.821; MSA 17.237(821). We decline to review the merits of this claim. By agreeing to the terms of the consent judgment, defendant cannot challenge it on appeal. *Longo v Minchella,* 343 Mich 373, 377-378; 72 NW2d 113 (1955). Also, because defendant withdrew this argument below, appellate review should be precluded.

As a final matter on appeal, Michigan Bell requests this Court to assess costs against defendant on appeal. As the prevailing party in this cause, Michigan Bell is entitled to costs. MCR 7.219.

Affirmed.