*In re* RETURN OF FORFEITED GOODS

(PEOPLE v MIERZEJEWSKI)

Docket No. 170171. Submitted July 6, 1994, at Lansing. Decided February 21, 1995, at 9:40 A.M.

Dale R. Mierzejewski was charged in the St. Clair Circuit Court with possession with intent to deliver less than twenty-five grams of cocaine. At the time of his arrest, the arresting officers seized cash and jewelry that was in the defendant's possession. The defendant was given notice of an intent to seek forfeiture of the property, and the property was forfeited pursuant to the automatic administrative forfeiture provision of MCL 333.7523(1)(d); MSA 14.15(7523)(1)(d) when the defendant failed to file a timely claim for the goods. Later, when the criminal charge came to trial, the prosecution agreed to a dismissal of the criminal charge. Defense counsel moved for return of the property seized by the police, to which the prosecutor responded that "[a]ny property that is not clearly contraband or drug paraphernalia will be returned." Thereafter, the prosecutor refused to return the cash and jewelry on the basis that the property had been forfeited to the county. The trial court, Ernest F. Oppliger, J., ordered the return of the cash and jewelry on the ground that the defendant's motion for the return of the property had been consented to by the prosecutor and that the defendant had not received actual notice that those items had been forfeited. The prosecutor appealed.

The Court of Appeals *held:*

The prosecutor by consenting on the record in open court to the defendant's motion to return any property that was not clearly contraband or drug paraphernalia became bound to return the cash and jewelry, because those items clearly were neither contraband nor drug paraphernalia. The prosecutor had apparent authority to bind the county when he made his consent in open court to the return of the goods. There was

REFERENCES

Am Jur 2d, Compromise and Settlement § 11; Prosecuting Attorneys §§ 20, 23.

See ALR Index under Compromise and Settlement.

sufficient consideration to support the prosecutor's promise to return the goods.

Affirmed.

MacKENZIE, J., dissenting, stated that the trial court erred in ordering the return of the cash and jewelry on the basis of the failure to give the defendant actual notice of the fact that the property had been forfeited, because there is no statutory requirement that such notice be given. Further, there is nothing in the record indicating that the prosecutor was authorized as an agent of the government to make promises concerning the disposition of property that had been forfeited or to decide unilaterally that the property should be given away, and, if such authority did exist, there was no consideration given in exchange for the prosecutor's promise. The defendant's only recourse for seeking the return of the property was to have filed a timely claim in the forfeiture proceedings, which he failed to do.

COMPROMISE AND SETTLEMENT — FORFEITED GOODS — PROSECUTORS — APPARENT AUTHORITY.

An agreement or consent by a prosecutor made on the record in open court to a defendant's motion to return the property of the defendant that had been the subject of the automatic administrative forfeiture provision of the controlled substances provisions of the Public Health Code is binding and enforceable against the county holding such forfeited goods (MCL 333.7523[1][d]; MSA 14.15[7523][1][d]; MCR 2.507[H]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Elwood L. Brown,* Prosecuting Attorney, and Timothy K. Morris, Assistant Prosecuting Attorney, for the people.

*McIntosh, McColl, Carson, McNamee, Strickler & Rickel* (by *Nancy Bates Rickel*), for the defendant.

Before: GRIFFIN, P.J., and MacKENZIE and F. X. O'BRIEN,* JJ.

GRIFFIN, P.J. The people appeal as of right from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

an order of the circuit court for the return of property seized from defendant. We affirm.

On January 23, 1992, defendant, along with two other occupants of a motel room, was arrested for possession with intent to deliver less than twenty-five grams of cocaine. Two gold bracelets, $3,420.77 in cash, and three gold chains were seized from defendant by the arresting officers. At the conclusion of the August 10, 1993, hearing to dismiss defendant's possession with intent deliver charge, the following colloquy occurred between defense counsel and the prosecutor:

> *Ms. Bates:* Your Honor, with regard to the dismissal we would like to make a motion for the return of the property seized pursuant to the statute MCLA 600.4706.
>
> *Mr. Morris:* Any property that is not clearly contraband or drug paraphernalia will be returned.

MCR 2.507(H) is controlling in this matter. MCR 2.507(H) provides as follows:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by either party, is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

An agreement or consent made in open court by the parties or their attorneys is binding on the parties. MCR 2.507(H); *Reed v Citizens Ins Co of America,* 198 Mich App 443, 448; 499 NW2d 22 (1993); *Michigan Bell Telephone Co v Sfat,* 177 Mich App 506, 515; 442 NW2d 720 (1989). We find the above record sufficient to establish that the

prosecutor entered into a valid stipulation for the return of the seized property by consenting to defendant's motion in open court. Because the cash and gold jewelry were not drug paraphernalia or *clearly* contraband, the prosecutor was bound by the parties' agreement to return the property. MCR 2.507(H); *Michigan Bell, supra.*

Further, we find unpersuasive the dissent's unsupported view that the prosecutor's "promise" to return the seized property was not binding on the county. An agreement between counsel, subsequently denied by the parties, is binding under principles of apparent authority when it was made in open court. *Nelson v Consumers Power Co,* 198 Mich App 82, 89-90; 497 NW2d 205 (1993). Under *Nelson* and MCR 2.507(H), it is simply irrelevant whether the prosecutor specifically was authorized to return the property in the present case. We conclude that a prosecutor is "cloaked" with the apparent authority to settle all claims connected with a matter upon which the other party is entitled to rely. We see no reason to distinguish this case from the other occasions in which we routinely have enforced specifically a prosecutor's promise.

Finally, we disagree with the dissent that there was insufficient consideration to support the parties' agreement. Defense counsel's implied-in-fact agreement to withdraw her motion after the prosecutor promised to return defendant's property was clearly a sufficient quid pro quo to bind the parties. Accordingly, we conclude that the trial court did not err in ordering the return of the seized property.

Affirmed.

F. X. O'BRIEN, J., concurred.

MACKENZIE, J. *(dissenting).* I disagree with the

majority's conclusion that the prosecution in this case should be ordered to return certain forfeited property that had been seized from defendant when he and two other occupants of a motel room were arrested for possession with intent to deliver cocaine.

The majority has chosen to treat this case as a simple matter of a "promise" to return seized evidence. In so doing, they completely ignore two fundamental facts: (1) that the property involved had been the subject of administrative forfeiture proceedings, and (2) that defendant had relinquished his rights to the property and thus was not in a position to seek its return.

The forfeiture provisions of the controlled substances act require that, following a seizure of property, the government must give notice to the owner that the property has been seized and that the government intends to seek its forfeiture. MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a). Any person claiming an interest in the property may file a claim and bond with the government within twenty days after receiving the notice. MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c). Upon the filing of a claim, the government must transmit the matter to the prosecutor or other government attorney, who must institute forfeiture proceedings promptly after the expiration of the twenty-day period. *Id.* These forfeiture proceedings are in rem civil proceedings, brought against the property, and are independent of any criminal prosecution. *In re Forfeiture of $15,232,* 183 Mich App 833, 836; 455 NW2d 428 (1990); *In re Forfeiture of $53,* 178 Mich App 480, 496; 444 NW2d 182 (1989).

If no claim is filed within the twenty-day period, in rem civil forfeiture proceedings are not instituted. Instead, the automatic administrative forfei-

ture provision of MCL 333.7523(1)(d); MSA
14.15(7523)(1)(d) is triggered:

> If no claim is filed or bond given within the 20-
> day period as described in subdivision (c), the . . .
> government . . . shall declare the property for-
> feited . . . .

In this case, a return of service shows that on
January 23, 1992, before defendant was released
from police custody, he was personally served with
a "Notice of Intent to Forfeit Property" regarding
the seized cash and jewelry. Defendant did not file
a claim and bond during the following twenty
days. Accordingly, the county declared the prop-
erty administratively forfeited.

On February 21, 1992, the prosecutor's office
sent a "Notice of Forfeiture" to defendant inform-
ing him that the money and jewelry were now the
county's property. Defendant, however, never re-
ceived this notification, presumably because it was
sent to 3519 Cherry rather than defendant's cor-
rect address at 2519 Cherry.

Defendant eventually was charged with posses-
sion with intent to deliver, and trial was scheduled
for August 10, 1993. On that date, however, the
trial court granted the prosecutor's motion to dis-
miss the case because his witnesses—the other
occupants of the motel room where defendant was
arrested—planned to exercise their Fifth Amend-
ment rights. Upon dismissal, defendant requested
the return of his property. The prosecutor re-
sponded that "[a]ny property that is not clearly
contraband or drug paraphernalia will be re-
turned."

When the prosecutor failed to return the money
and jewelry, defendant filed a "Motion to Enforce
Return of Seized Property." Following a hearing,

the trial court granted the motion and ordered that the property be returned to defendant. The basis for this ruling was that defendant did not receive the misaddressed February 21, 1992, notice that the property had been forfeited administratively. It is this ruling from which the prosecutor appeals.

I agree with the prosecutor that the trial court erred in its ruling. Clearly, under the controlled substances act the government must notify the owners of seized property that if the owners do not file a claim and bond within twenty days, the property will be declared forfeited. MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a). However, there is no similar requirement that, upon the expiration of the twenty-day period, the owners must be notified that administrative forfeiture has taken place. Because the government was not required to send defendant the February 21, 1992, "Notice of Forfeiture," defendant was not entitled to the return of the money and jewelry on the basis of his nonreceipt of such a notice. The trial court committed clear legal error in ordering the return of the property on that basis.

The majority avoids the result required under the controlled substances act by adopting defendant's suggestion that he is entitled to the return of the forfeited property on the basis of the prosecutor's "promise" at the August 10, 1993, proceedings. I cannot agree. First, the forfeited goods legally had become the property of the government. There is nothing in the record indicating that the prosecutor was authorized as an agent of the government to make promises concerning the disposition of its property. Nor is there anything suggesting that the prosecutor was empowered to decide unilaterally that the property should be given away. Absent such authorization, the county

should not be bound by the prosecutor's "promise." Second, even if the prosecutor possessed such authority, his "promise" cannot be considered binding, because defendant rendered no consideration in exchange for the promise. Third, neither the government nor the prosecutor had a legal obligation to give the property to defendant. He was not entitled to the return of the property pursuant to MCL 600.4706; MSA 27A.4706, because that statute does not apply to forfeitures related to controlled substances offenses. See MCL 600.4701; MSA 27A.4701.

Defendant was not without recourse once his property was seized; all he had to do was file a claim and bond to protect his rights to the cash and jewelry. Rather than pursuing the matter, however, defendant chose to sit on his rights and allow the statutory period to expire. In enacting MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c), the Legislature has made it clear that claimants wishing to avoid forfeiting their property rights must file a claim and bond within twenty days of receipt of notice of the government's intent to seek forfeiture. The statutory scheme leaves no room for an erstwhile property owner with a change of heart to demand subsequently the return of what is no longer his. In my view, by failing to file a timely claim for the money and jewelry, defendant voluntarily relinquished his property rights in favor of the county and, therefore, was not entitled to its return. Accordingly, I would reverse.