*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY POBANZ,

Plaintiff-Appellant,

v

EUGENE E. HAMILTON TRUST,

Defendant-Appellee.

UNPUBLISHED
May 21, 2020

No. 347330
Huron Circuit Court
LC No. 17-105487-CH

Before: BECKERING, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Plaintiff, Larry Pobanz, proceeding *in propria persona*, appeals as of right the consent judgment entered by the trial court ordering him to pay defendant, Eugene E. Hamilton Trust, $5,000 in exchange for defendant's discharge of a mortgage. Plaintiff challenges the trial court's subsequent orders denying his motions to vacate the consent judgment. We affirm, but remand for correction of a clerical error in the consent judgment.

## I. FACTS

In 1987, plaintiff borrowed $20,000 from Eugene E. Hamilton, defendant's predecessor in interest. Plaintiff secured the debt with a mortgage on plaintiff's land, recorded in Liber 489, pages 342-343, of the Huron County Records. In 1994, the parties signed an extension of the mortgage agreement, and in 1999, plaintiff signed a note secured by the mortgage, capitalizing the unpaid interest into the principal for a new principal amount of $22,200. The note required plaintiff to pay the interest, but did not specify when the principal was to be repaid. Plaintiff asserts that he last paid interest on the note on April 9, 2002.

In June 2017, defendant initiated foreclosure proceedings regarding the mortgage. Plaintiff brought this action seeking to stop the foreclosure proceedings and to discharge the mortgage. In his complaint, plaintiff alleged that more than 15 years had passed since the last payment on the debt, and that defendant's rights under the mortgage therefore were extinguished by the statute of limitations under MCL 600.5803 and MCL 600.3175(1).

-1-

Defendant did not respond to plaintiff's complaint and a default was entered by the trial court's clerk. Plaintiff filed a motion for a default judgment. At the hearing on the motion, no one appeared on behalf of the defendant trust. The trial court noted that plaintiff had not served the trustee of the Trust, and adjourned the matter until plaintiff could demonstrate that the trustee had been served.

When the proceedings resumed, defendant was represented by counsel, and the trial court was satisfied that the correct party had been served with process. Defense counsel acknowledged that a default had been entered to which he had not responded. Defense counsel also informed the trial court that the Trust agreed that foreclosure on the mortgage was barred by the statute of limitations, and defendant therefore had already abandoned the foreclosure proceedings. Defendant also informed the trial court that the Trust nonetheless planned to enforce the note for the outstanding debt of approximately $22,000. The parties and the trial court agreed upon a hearing date to resolve the limited issue whether plaintiff owed defendant money on the promissory note.

At the subsequent hearing, the trial court began the proceedings by inquiring about the status of the case and whether the parties had had an opportunity to discuss the matter. The parties informed the trial court that defendant had offered to resolve the matter in exchange for plaintiff's payment of $10,000. Plaintiff asked the trial court to first resolve the issue of the statute of limitations, and the trial court informed plaintiff that it would address that issue after discussing whether the parties were negotiating an agreement. The trial court clarified that it was not compelling the parties to discuss settlement, and that if the parties did not want to discuss settlement the trial court would hear and decide the parties' arguments. Plaintiff then informed the trial court that his counteroffer was to pay $5,000 to defendant in exchange for a discharge of the note and mortgage. Defendant accepted the offer, and the parties agreed that plaintiff would pay defendant $5,000 by December 1, 2018. The parties also agreed that defendant would give plaintiff an affidavit to correct a clerical error in a different matter. The trial court ordered the agreement as stated on the record, and defense counsel agreed to prepare the order.

After defense counsel prepared the order, however, plaintiff refused to sign it. Instead, plaintiff filed a motion for summary disposition, seeking entry of a default judgment and reasserting his arguments that he was entitled to judgment because defendant had defaulted on the complaint and because the statute of limitations precluded defendant from enforcing the mortgage. Plaintiff requested that the trial court grant the relief requested in the original complaint, including discharging the mortgage.

At the hearing on the motion, the trial court read from the transcript of the earlier proceeding that demonstrated that the parties had agreed to settlement of the case. In response to plaintiff's concerns, the trial court edited the proposed judgment drafted by defense counsel to specify that defendant would file on behalf of plaintiff an affidavit relating to another matter as discussed, and that neither party was awarded costs or attorney fees. The trial court additionally noted that the parties had originally agreed that plaintiff would pay the $5,000 by December 1, 2018, but that the proposed judgment specified December 31, 2018. The trial court asked plaintiff which date he preferred, and at plaintiff's request permitted the order to state the payment date of December 31, 2018. After plaintiff stated that he had no further objections, the trial court signed the order resolving the case. The order as entered provided:

The parties having reached an agreement and stipulate the entering of this order and the Court being fully advised in the premises;

IT IS ORDERED that Plaintiff, Larry Pobanz, shall pay the sum of Five Thousand ($5,000) Dollars to Defendant, Eugene E. Hamilton Trust, on or before December 31, 2018 in exchange for a Discharge of Mortgage for the Mortgage recorded in Liber 489, page 344, Huron County Records.

IT IS FURTHER ORDERED that defendant shall file on behalf of the Plaintiff an Affidavit of Correction regarding the Mortgage recorded in Liber 489, page 344, Huron County Records, to verify the Discharge of Mortgage recorded in Liber 975, page 515, Huron County Records, in fact discharges the Mortgage recorded in Liber 489, page 344. This shall be done within 30 days of this order. Neither party is awarded attorney fees or costs.

Plaintiff moved to vacate the order. At the hearing on the motion, plaintiff again asserted his default and statute-of-limitations theories. The trial court denied the motion, explaining that the trial court had not reached the issues of the default judgment and the statute of limitations because the parties had reached a settlement agreement in lieu of having the trial court resolve those issues. Plaintiff again moved to set aside the order, arguing that the parties' agreement was not binding because they were not under oath when the agreement was placed on the record. The trial court again denied plaintiff's motion to set aside the order. Plaintiff now appeals, challenging the consent judgment.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review a trial court's decision on a motion to set aside a consent judgment for an abuse of discretion. *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 558; 840 NW2d 375 (2013). A trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

### B. MOTION TO VACATE

Plaintiff contends that the trial court erred by denying his motions to vacate the consent judgment. Plaintiff argues that he was entitled to entry of a default judgment against defendant and also that defendant was precluded from enforcing the mortgage against him by the statute of limitations. We disagree.

An agreement to settle a lawsuit constitutes a contract governed by the rules applicable to the construction and interpretation of contracts. *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). Settlement agreements are favored by the law, and generally are considered final and not subject to modification. *Clark v Al-Amin*, 309 Mich App 387, 395; 872 NW2d 730 (2015). An agreement to settle pending litigation, however, is not enforceable unless it satisfies the requirements of MCR 2.507. *Kloian*, 273 Mich App at 456. That court rule provides:

An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney. [MCR 2.507(G).]

Once a party has agreed in open court to the settlement of pending litigation, the party cannot thereafter refuse to sign a proposed judgment if it accurately incorporates the parties' agreement, unless there is mistake, fraud, or unconscionable advantage justifying setting aside the settlement agreement. *Mich Bell Tel Co v Sfat*, 177 Mich App 506, 515; 442 NW2d 720 (1989). A party seeking to set aside a settlement agreement made in open court has a heavy burden of persuasion. See *Wagner v Myers*, 355 Mich 62, 68; 83 NW2d 914 (1959). A party cannot void a settlement agreement merely because he or she has had a "change of heart" or because he or she incorrectly assessed the consequences of the settlement agreement. *Clark*, 309 Mich App at 396. In addition, a party generally cannot appeal from a consent judgment or order, *Dora v Lesinski*, 351 Mich 579, 582; 88 NW2d 592 (1958), unless the party's challenge is that the consent to the judgment was not voluntarily given, or resulted from mistake, fraud, or misrepresentation. *Sauer v Rhoades*, 338 Mich 679, 681; 62 NW2d 634 (1954).

In this case, review of the trial court record does not suggest that the parties' consent to the agreement was involuntary, nor does the record suggest the presence of mistake, fraud, or unconscionable advantage. Rather, the parties were clear regarding the terms of the settlement agreement and consented to the terms without hesitation. At the beginning of the hearing held June 1, 2018, the following colloquy occurred, in relevant part:

> *The Court*: . . . What is the status of the matter, at this time? First, have the parties had an opportunity to discuss this matter at all? First, Mr. Pobanz, sir.
>
> *Mr. Pobanz*: Not really. I was going to make him an offer to settle it but, at this present time, Mr. Otto agrees that the statute of limitations has run out, I believe, on [the] record last time we were here. Is that true? I don't know for sure.
>
> * * *
>
> *Mr. Otto*: After the hearing previous to this, we had discussions in the hallway and I guess made – it's like my second offer that I made to Mr. Pobanz that'd resolve this matter. I still haven't got a response. So, we have tried to resolve it. I haven't heard what he had in mind when he spoke to the Court a few minutes ago. Apparently, he had something in mind that [he] hasn't shared with me.
>
> *The Court*: All right. Well, . . . before we address the motions and other matters, let —let's discuss that first. Let's just – let's see what we have here so far and the Court will proceed accordingly. Mr. Pobanz, do you have an offer you wish to provide to Mr. Otto on behalf of the trust and you don't have to stand sir, because I'm asking you, essentially, just to testify and just to see where we are with this.
>
> *Mr. Pobanz*: Yes, I do.

Plaintiff then brought up the issue of the statute of limitations. The trial court explained to plaintiff that it was not addressing the substantive issues at that time but was instead asking if the parties had made offers to settle the matter. Plaintiff explained that defendant had made the offer of $10,000 to discharge the mortgage, and that plaintiff planned to make a counteroffer. The trial court then stated:

> *The Court*: All right. Go ahead with your counter-offer, and this is all on the record so I'm not forcing anyone into anything. The Court's not made any decision regarding the statute of limitations argument because it's not been fully argued at this point, but I wanted to see if there was discussion between the parties, and if you don't want to – to do that, Mr. Pobanz, you'd just rather have the Court make a decision, I don't know what the decision is until I hear all the evidence and hear the arguments. So, that's why I'm giving you the opportunity. If you want to present a counter-offer, now would be the time, probably, to [do] it.

When plaintiff again raised the issue of the statute of limitations, the trial court responded:

> *The Court*: All right. So, are you saying the you're not willing to make a counter-offer? You just want to put your arguments in and make -- and let the Court decide? I'm -- what I'm trying to do and I'm doing this on the record, Mr. Pobanz and Mr. Otto, for the benefit of both parties that everything is transparent here. There is no hiding the ball. There's [] nothing like that. If there is discussion about a settlement, I'm all ears for settlement. If the parties do not want to engage in settlement purposes, we're going to hear the arguments and the evidence today and we're going to make a decision today. That's – that's where the Court is. I'm just giving both parties the opportunity to try and resolve it beforehand because as you – as both of you know, obviously, the Court's not made a decision. The Court needs to hear the evidence and the arguments and it appears to the Court it's all or nothing here. Either one person is – is going to – the statute of limitations applies or it doesn't; and, like I said, I don't know where that is yet until we hear argument. I'm affording the opportunity [to] the parties to discuss this. So, knowing all that Mr. Pobanz, and again, would you – and tell me if I'm wrong, is the Court twisting your arm into anything like this, sir?

> *Mr. Pobanz*: No.

> *The Court*: Okay. Thank you, because I'm not. I just want to air everything out here and get everything addressed. If you do not wish to make a counter-offer, that's fine. If you don't wish to make a counter-offer, then, we're going to hear arguments and the Court's going to make a decision.

Plaintiff then made an offer on the record, as follows:

> *Mr. Pobanz*: My final offer is $5,000 by December the 1st, 2018. That's this December.

> *Mr. Otto*: That's – that's acceptable.

| *The Court*: | That's acceptable. Okay, and then once the $5,000 is received by December 1, 2018, the mortgage is discharged, clean, clean bill of health for the land, correct? |
|---|---|
| *Mr. Otto*: | Correct. |

The parties agreed that defense counsel would also provide plaintiff with an affidavit to correct a document in a previous matter. The following exchange then took place:

| *The Court*: | Sounds like we have an agreement. |
|---|---|
| *Mr. Pobanz*: | I do. |
| *The Court*: | Mr. Otto, on behalf – well, I guess, on the Court's behalf, has the Court engaged in anything to twist the arm of you, or the estate, or the trust, or anything to come up with this settlement? |
| *Mr. Otto*: | No, your Honor. |
| *The Court*: | Mr. Pobanz, I'll ask again, has – |
| *Mr. Pobanz*: | No. |
| *The Court*: | -- the Court done anything to twist your arm or to force you into anything? |
| *Mr. Pobanz*: | No, your honor. |

The transcript of the hearing is clear that the parties understood the terms of the agreement and agreed to be bound by the settlement. The trial court was also clear that the parties were not obligated to negotiate a settlement and that the trial court would proceed to decide the parties' issues if they did not want to pursue settlement.

After the parties agreed to the settlement, plaintiff sought judicial determination of his arguments that he was entitled to default judgment and that enforcement of the mortgage is barred by the statute of limitation. The trial court, however, did not reach those issues because the parties had already agreed to settle the matter. Plaintiff clearly agreed on the record to settle the litigation, thereby waiving his right to assert those theories, and was not entitled to have the consent judgment set aside. Although plaintiff thereafter wished to withdraw from the agreement, as noted, a "change of heart" is insufficient to justify setting aside a settlement agreement. *Clark*, 309 Mich App at 396. Because the parties agreed on the record to settle the litigation rather than having the issues of the litigation determined by the trial court, plaintiff was not entitled to set aside the consent judgment and have the issues determined by the trial court, nor is plaintiff entitled to have those issues determined by this Court.

## C. DUE PROCESS

Plaintiff also argues that the trial court violated his constitutional right to due process[1] by converting a proceeding that had been scheduled for the purpose of determining liability on the promissory note into a settlement conference without notifying plaintiff of that change. We reject that characterization.

MCR 2.401 authorizes a trial court to direct the parties to appear for a conference to discuss settlement and requires that the parties be given reasonable notice of the conference. Here, plaintiff participated in the selection of the date for the proceeding that resulted in the settlement. His protestation, then, is not that he lacked notice of the proceeding, but rather that he came to court expecting a proceeding to determine what, if anything, he owed on the promissory note, but instead found himself negotiating a settlement. But plaintiff cites no authority for the proposition that a court may not begin a court proceeding scheduled for trial by inquiring about, encouraging, and entertaining settlement discussions. On the contrary, we note that parties frequently settle their disputes on the eve of trial.

As noted, settlement agreements are favored by the law. *Clark*, 309 Mich App at 395. Courts, of course, may not force parties to settle a lawsuit. *Kloian*, 273 Mich App at 461. But although plaintiff suggests on appeal that the trial court pressured him to agree to settlement, the record suggests otherwise. At the June 1, 2018 hearing, the trial court gave the parties several opportunities to decline to settle the litigation and instead proceed to determination of the parties' arguments by the trial court. Plaintiff appeared willing to discuss settlement, and more than once assured the trial court that he did not feel undue pressure to settle. We therefore reject plaintiff's suggestion that the trial court improperly insisted that he participate in a surprise settlement conference.

## D. CHALLENGES TO THE CONSENT JUDGMENT

Plaintiff also contends that the consent judgment should be set aside because the parties were not under oath when they entered into the agreement. Plaintiff argues that although the agreement to settle the litigation was made in open court, the parties were not under oath at the time and therefore it was not "attested" to. Plaintiff relies upon this Court's opinion in *Marsh v Dep't of Civil Service*, 173 Mich App 72, 76-77; 433 NW2d 820 (1988), in which this Court stated that "consent between parties or their attorneys is binding when reduced to writing, signed by the parties, and attested to in open court." Plaintiff emphasizes "attested to," and cites legal dictionaries for the proposition that to attest often implies such formalities as speaking under oath, which did not occur here. However, despite this Court's choice of wording in *Marsh*, MCR 2.507(G) does not specify "attest," but rather only requires that an agreement be "made in open court," which occurred in this case.

Plaintiff also contends that the consent judgment should be set aside because it is vague and also that it does not accurately reflect the parties' agreement. Plaintiff admits that at the June 1, 2018, proceeding he clearly offered to pay $5,000 to settle the case, but asserts that it is not

---

[1] US Const, Am XIV, § 1; Const 1963, art 1, § 17.

otherwise clear what the parties actually agreed to. As noted, an agreement to settle pending litigation is a contract. *In re Robert H. Draves Trust*, 298 Mich App 745, 767; 828 NW2d 83 (2012). A valid contract requires a meeting of the minds on all essential terms. *Kloian*, 273 Mich App at 453. To determine whether there was mutual assent to a contract, we consider the parties express words and visible acts, and not the parties subjective states of mind. *Id*. at 454.

Judicial avoidance of contractual obligations on the basis that the agreement is indefinite is not favored under Michigan law, and as a result, a contract will not fail for indefiniteness if the promises and performances of each party are set forth with reasonable certainty. *Calhoun Co v Blue Cross Blue Shield of Mich*, 297 Mich App 1, 14; 824 NW2d 202 (2012). In this case, the promises and performances are clearly articulated in the consent judgment, and plaintiff points to no indefinite term that was not addressed by the trial court in response to his motions. Because the consent judgment clearly reflects the terms of the parties' agreement as stated on the record, the trial court did not err in declining to set aside the consent judgment on the ground of vagueness.

Plaintiff's contention that the consent judgment did not accurately represent the parties' agreement also is without merit. Plaintiff argues that the parties originally agreed on a payment date of December 1, 2018, but the order specified December 31, 2018. This issue was resolved on the record. The trial court noted that the order as drafted indicated the payment date of December 31, 2018 instead of December 1, 2018, as agreed at the previous hearing. The trial court explained that it "sounds like he gave you more time" and offered plaintiff his choice between the two dates. Plaintiff chose the later date, as reflected in the order as entered. Because defense counsel drafted the order, and plaintiff agreed to the date on the record, that adjustment indicates no failure of the order to reflect the parties' agreement. *See Holmes v Holmes*, 281 Mich App 575, 588; 760 NW2d 300 (2008) (A party cannot argue that an action was error if the party stipulated to that matter before the trial court).

Similarly, the issue concerning the provision that the parties would be responsible for their own respective attorney's fees also was resolved on the record. There was no discussion of attorney fees at the June 1, 2018 proceeding. At the hearing on plaintiff's motion for summary disposition, however, plaintiff advised the trial court that the judgment should reflect that the parties had agreed that neither party was to be awarded costs or fees. The trial court agreed to add that provision, and the judgment thereafter entered includes that provision.

Plaintiff also observes that the order states the wrong page number when referencing where the subject mortgage is recorded in the Huron County Records. We agree. The consent judgment states that in exchange for plaintiff's payment of $5,000, defendant is to issue a discharge of mortgage for the mortgage recorded at Liber 489, page 344, of the Huron County Records. Because the mortgage in question in this case is recorded at Liber 489, page 342-343, of the Huron County Records, the reference in that paragraph of the order to page 344 is a clerical error that

should be corrected by the trial court to reflect the correct page number where the mortgage is recorded.[2]

A "clerical error" is "an error resulting from a minor mistake or inadvertence" especially a writing or copying technical error such as "typing an incorrect number." *Black's Law Dictionary* (11th ed). Here, plaintiff has brought to this Court's attention a clerical error in the stipulated order, but not any lack of actual agreement among the parties. The remedy is not to vacate the parties' agreement, but rather to record an affidavit of scrivener's error, see *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 207; 859 NW2d 238 (2014), or for the trial court to correct the clerical mistake under MCR 2.612(A). In the interests of simplicity and judicial economy, we remand this case to the trial court for the ministerial task of correcting the order so that the reference to the Huron County Records accurately specifies the mortgage in question in this case.

Affirmed, but remanded for correction of the order consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Michael F. Gadola

---

[2] Plaintiff previously gave a mortgage on the same property to his ex-wife, recorded at Liber 489, pages 344-345 of the Huron County Records. In 2003, she gave plaintiff a discharge of that mortgage, but the discharge mistakenly referred to the mortgage recorded at page 342-343. Part of the agreement to settle this lawsuit was that defendant file on behalf of plaintiff an affidavit correcting that error to identify that the 2003 discharge of mortgage applied to the mortgage recorded at page 344, not page 342.